**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino del Rio South, Suite 101
San Diego, CA 92108
Telephone (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Lillian Franklin

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
Douglas J. Campion, Esq. (75381)
doug@djcampion.com
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2001
Facsimile: (619) 858-0034

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LILLIAN FRANKLIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>Defendant. | **Case No.:** 14-cv-2349 MMA (BGS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**DATE:** January 20, 2015<br>**TIME:** 2:30 p.m.<br>**COURTROOM:** 3A<br><br>**HON. MICHAEL M. ANELLO** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................1

II.     STATEMENT OF CASE ......................................................2

        A. FRANKLIN'S COMPLAINT ALLEGES THAT WELLS FARGO VIOLATED
           THE TCPA ................................................................2

        B. WELLS FARGO'S DEFENSES ...........................................3

        C. PROCEEDINGS TO DATE ..............................................4

III.    THE SETTLEMENT ...........................................................4

        A. THE SETTLEMENT CLASS ............................................4

        B. SETTLEMENT PAYMENT ..............................................5

        C. CLASS NOTICE .........................................................5

        D. SCOPE OF RELEASE ...................................................5

        E. OPPORTUNITY TO OPT OUT AND OBJECT ..........................6

        F. TERMINATION OF SETTLEMENT .....................................6

        G. CLASS REPRESENTATIVE'S APPLICATION FOR INCENTIVE AWARD ........6

        H. CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, COSTS AND
           EXPENSES ...............................................................7

IV.     LEGAL ANALYSIS ...........................................................7

        A. THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23 ......8

           1. *The members of the Settlement Class are sufficiently numerous* ......9

           2. *The requirement of commonality is satisfied* ...................9

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

3. *The requirement of typicality is satisfied* ........................................10

4. *The requirement of adequate representation is satisfied* ...............11

5. *The Action meets the requirements of Rule 23(b)(3)* ....................12

B. THE PARTIES FACE SUBSTANTIAL RISKS IN PURSUING FURTHER LITIGATION ..................................................................................13

C. THE COURT SHOULD PRELIMINARILY APPROVE THE PROPOSED SETTLEMENT ..................................................................................14

1. *The settlement is a product of arms' length negotiations* ...............16

2. *The settlement is fundamentally fair, reasonable and adequate* ....17

D. THE PROPOSED PLAN OF NOTICE SATISFIES THE REQUIREMENTS OF RULE 23 AND DUE PROCESS ..........................................................18

E. PROPOSED PRELIMINARY SCHEDULE ...............................................19

V.   CONCLUSION .........................................................................................20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KAZEROUNI LAW GROUP, APC**
**245 FISCHER AVENUE, UNIT D1**
**COSTA MESA, CA 92626**

## <u>TABLE OF AUTHORITIES</u>

CASES                                                                    PAGE(S)

Abels v. JBC Legal Group, P.C.,
    227 F.R.D. 541 (N.D. Cal. 2005) ................................................................11

Acosta v. Trans Union LLC,
    234 F.R.D. 377 (C.D. Cal. 2007) ...............................................................15

Adamcik v. Credit Control Servs., Inc.,
    832 F. Supp. 744 (2011) ...............................................................................3

Amchem Prods. Inc. v. Windor,
    521 U.S. 591 (1997) ..............................................................................7, 12

Bert v. AK Steel Corp.,
    2008 WL 4693747 ......................................................................................16

Blackie v. Barrack,
    524 F.2d 891 (1975) .....................................................................................9

Bullock v. Administrator of Estate of Kircher,
    84 F.R.D. 1 (D.N.J. 1979) ..........................................................................16

Carrizosa v. Stassinos,
    669 F. Supp. 2d 1081 (N.D. Cal. 2008)......................................................11

Celano v. Marriott Int'l, Inc.,
    242 F.R.D. 544 (N.D. Cal. 2007) .................................................................9

Class Plaintiffs v. City of Seattle,
    995 F.2d 1628 (9th Cir. 1992) ......................................................................6

Consolidated Rail Corp. v. Town of Hyde Park,
    47 F.3d 473 (2d Cir. 1995) ...........................................................................9

De La Fuente v. Stokely-Van Camp, Inc.,
    713 F.3d 225 (9th Cir. 1983) ......................................................................10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KAZEROUNI LAW GROUP, APC**
**245 FISCHER AVENUE, UNIT D1**
**COSTA MESA, CA 92626**

*Dennis v. Kellogg Co.*,
    2010 WL 4285011 (S.D. Cal. 2010) ..........................................................17

*Dukes v. Wal-Mart, Inc.*,
    774 F.3d 1214 (9th Cir. 2007) .............................................................9, 11

*Eisen v. Carlisle and Jacquelin*,
    417 U.S. 156 (1974) ..............................................................................17

*Faulkner v, ADT Sec. Services, Inc.*,
    2013 WL 174368 ...................................................................................14

*Flanagan v. Flanagan*,
    27 Cal. 4th 766 (2002) ...........................................................................14

*General Tel. Co. v. Falcon*,
    457 U.S. 147 (1982) ..........................................................................9, 11

*Gutierrez v. Barclays Grp.*,
    2011 WL 579238 (S.D. Cal. 2011) ..........................................................3

*Hammon v. Barry*,
    752 F. Supp. 1087 (D.D.C. 1990) ...........................................................17

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .........................................................10, 16

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ..................................................................10

*Harris v. Palm Springs Apline Estates, Inc.*,
    329 F.2d 909 (9th Cir. 1964) ....................................................................9

*Hunt v. Check Recovery Systems, Inc.*,
    241 F.R.D. 505 (N.D. Cal. 2007) ......................................................11, 20

*In re Armored Car Antitrust Litigation*,
    472 F. Supp. 1357 (N.D. Ga. 1979) .........................................................17

*In re Chicken Antitrust Litigation*,
    560 F. Supp. 957 (N.D. Ga. 1980) ...........................................................17

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*In re NASDAQ Market Makers Antitrust Litigation*,
   176 F.R.D. 99 (S.D.N.Y. 1997) ......................................................7, 15

*In re Inter-Op Hip Prosthesis Liab. Litig.*,
   204 F.R.D. 359 (N.D. Cal. 2001) ..................................................16, 17

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.*,
   163 F.R.D. 200 (S.D.N.Y. 1995) ...........................................................13

*In re Syncor ERISA Litig.*
   516 F.3d 1095 (9th Cir. 2008) ...............................................................16

*In re Traffic Executive Association-Eastern Railroad*,
   627 F.2d 631 (2d. Cir. 1980) .................................................................15

*In re United Energy Corp. Solar Power Modules Tax Shelter Ivs. Sec. Litig.*,
   995 F.2d 1628 (9th Cir. 1992) ...............................................................10

*Larson v. Sprint Nextel Corp.*,
   2010 WL 239934 ...................................................................................16

*Leckler v. Cashcall, Inc.*,
   2008 WL 5000528 (N.D. Cal. 2008) .......................................................3

*Levy v. Receivables Performance Mgmt.*,
   972 F. Supp. 2d 409 (2013) ....................................................................3

*Lewis v. Newman*,
   59 F.R.D. 525 (S.D.N.Y. 1973) ..............................................................8

*Lightbourn v. County of El Paso, Tex.*,
   118 F.3d 421 (5th Cir. 1998) .................................................................10

*Mars Steel Corp. v. Continental Illinois National Bank and Trust Co.*,
   834 F.2d 667 (7th Cir. 1987) .................................................................17

*Mendoza v. United States*,
   623 F.3d 1338 (9th Cir. 1980) ...............................................................20

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Milliron v. T-Mobile USA, Inc.*,
    2009 WL 3347562 (D.N.J. 2009) ............................................................16

*Milstein v. Huck*,
    600 F. Supp. 245 (E.D.N.Y. 1984) ........................................................16

*Mirfasihi v. Fleet Mortg. Corp.*,
    356 F.3d 781 (2004) ............................................................................19

*Morgan v. U.S.*,
    60 Fed. Appx. 180 (9th Cir. 2003) ........................................................14

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ......................................................................19, 21

*Nelson v. Bennett*,
    662 F. Supp. 1325 (E.D. Cal. 1987) ........................................................8

*Officers for Justice v. Civil Service Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ..........................................................12, 16

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ............................................................................17

*Priddy v. Edelman*,
    883 F.2d 438 (6th Cir. 1989) ................................................................17

*Rosario v. Livaditas*,
    963 F.2d 1013 (7th Cir. 1992) ..............................................................11

*Sandoval v. Tharaldson Emp. Mgmt., Inc.*,
    2010 WL 2486346 (C.D. Cal. 2010) ......................................................16

*Satchell v. Federal Express Corp.*,
    2007 WL 1114010 (N.D. Cal. 2007) ......................................................15

*Schwartz v. Harp*,
    108 F.R.D. 279 (C.D. Cal. 1985) ..........................................................10

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Shurland v. Bacci Café & Pizzeria on Ogden, Inc.*,
   271 F.R.D. 139 (2010)................................................................19

*Sommers v. Abraham Lincoln Federal Savings & Loan Association*,
   79 F.R.D. ) ........................................................................18

*Starkey v. Firstsource Advantage, LLC*,
   2010 WL 2541756 (W.D.N.Y. 2011) ............................................3

*Utility Reform Project v. Bonneville Power Admin*,
   896 F.2d 437 (9th Cir. 1989) ....................................................12

*Wyatt v. Creditcare, Inc.*,
   2005 WL 2780684 (N.D. Cal. 2005) ............................................11

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# I. INTRODUCTION

In this putative California class action, Plaintiff LILLIAN FRANKLIN ("Franklin") asserts that Defendant WELLS FARGO BANK, N.A. ("Wells Fargo") (collectively "the Parties") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") by initiating telephonic communications to cellular telephones through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice without the called party's consent.

Since this Action was filed, the Parties have fully cooperated in order to reach the merits of this Action in an expeditious manner. While Wells Fargo has always disputed Franklin's contentions, Wells Fargo understood that potential exposure for Wells Fargo's past conduct, if proven to violate the TCPA, was large. As such, to establish the respective claims and defenses, the Parties propounded and responded to directed written discovery, exchanged documents, took out of state depositions, and submitted mediation briefs in connection with an all-day mediation that took place on October 13, 2014 before the Honorable Irma E. Gonzalez (Ret.) of JAMS. That mediation was followed by further follow-up telephonic sessions with Judge Gonzalez before the matter was resolved. Furthermore, the Parties also engaged in numerous telephone conferences, meetings and written communications regarding the claims at issue in the litigation. Through this forthright and thorough litigation, the Parties believe that they are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risk to each party in pursuing further litigation. Pursuant to the terms of the Settlement Agreement attached as Exhibit 1 to the Declaration of Abbas Kazerounian, the Parties now jointly request this Court to:

1. Certify a class for settlement purposes only;

2. Appoint Abbas Kazerounian of the Kazerouni Law Group, APC; Joshua B. Swigart of Hyde & Swigart; and Douglas J. Campion of the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Law Offices of Douglas J. Campion, APC as Class Counsel;

3. Appoint Franklin as the Class Representative;

4. Approve the proposed plan of providing Notice to the Class; and,

5. Approve the proposed preliminary schedule for providing notice to the class and for class members to submit requests for exclusion or objections to the proposed settlement.

In the event that settlement is not approved, the Parties agree that any agreement and order certifying a settlement class shall be null and void and the Parties shall return to their respective positions at the time this Motion was submitted to the Court for approval.

## II.   STATEMENT OF CASE

### A.   FRANKLIN'S COMPLAINT ALLEGES THAT WELLS FARGO VIOLATED THE TCPA.

In the Complaint, Franklin alleges Franklin received multiple telephone calls from Wells Fargo during the class period.  [Franklin's Complaint, Dkt. No. 1 ("Complaint"), ¶ 11].  Said telephone calls were initiated to Franklin's cellular telephone through an automatic telephone dialing system and utilized artificial or prerecorded voices.  [Id. at ¶¶ 11-12].  Franklin alleges Wells Fargo did not first obtain Franklin's prior express consent to initiate telephone calls in this manner to Franklin's cellular telephone.  [Id. at ¶ 15].  Thus, Franklin alleges Wells Fargo's alleged conduct described herein constitutes a violation of the TCPA.  [Id.].

### B.   WELLS FARGO'S DEFENSES

Wells Fargo denies all allegations of the Complaint.  Specifically, Wells Fargo disputes that it called Ms. Franklin or putative class members without their consent, that it violated the TCPA, that its equipment constitutes an autodialer, or that Ms. Franklin and the putative class members are entitled to relief from Wells Fargo.  Wells Fargo further contends that the Action would not be amenable to class certification if the issue was briefed for this Court.  Nevertheless, given the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

substantial risks, uncertainties, burden and expense of continued litigation, Wells Fargo has agreed to settle this litigation on the terms set forth in the Agreement, subject to Court approval.

## III.   THE SETTLEMENT

### A.   THE SETTLEMENT CLASS

As defined in ¶ 2.08 of the Settlement Agreement, the "Class" means the persons in the following definition:

> All cell phone users or subscribers to wireless or cellular services within the United States who used or subscribed to phone numbers to which Wells Fargo placed any calls from November 1, 2009 to September 17, 2014 using any automated dialing technology or artificial or prerecorded voice technology in an effort to collect on a consumer credit card account.

All that is needed for a Class Member to file a claim is to submit a completed claim online, by telephone through a toll-free number or by mail, by the date specified in the notice. [Settlement Agreement, ¶ 10.02].

### B.   SETTLEMENT PAYMENT

Under the Settlement, Wells Fargo agrees to establish a Settlement Fund in the amount $14,550,198.00, comprised of cash payments, notice and settlement administration costs, attorneys' fees, costs, expenses, and Representative Plaintiff's incentive award. [Settlement Agreement, ¶ 2.20].   This number represents the maximum amount payable by Wells Fargo in Settlement of this Action.   [*Id*.]. Moreover, the Settlement Fund is an "all-in" fund and is not reversionary which means that each of the 4,076,207 class members making claims will receive a *pro rata* share of the Settlement Fund.

### C.   CLASS NOTICE

The Parties propose using The ILYM Group, Inc. ("Claim Administrator"), a third-party claims administrator, to facilitate the administration of all claims in this matter.   [*Id*. at ¶ 9.06].   The Claims Administrator's responsibilities will include,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

but are not limited to, providing notice to the class members, fielding inquiries related to the settlement, administering the claims process and issuing the settlement payments. [*Id*.]. The cost of claims administration is expected to be approximately $2,987,795.18.

Moreover, to ensure the best practicable notice, the Claims Administrator will provide Direct Mail Notice; administer Publication Notice to USA Today; build a settlement website; and create a toll-free number for potential class members to call. [*Id*. at ¶¶ 9.01-9.08]. With regard to the settlement website, the Parties proposed www.FranklinWellsFargoTCPA.com as the URL.

### D.  SCOPE OF RELEASE

The Parties desire and seek Court approval of the settlement and a final judgment and order dismissing with prejudice the claims of Franklin and the Class Members as set forth in this Settlement Agreement. The scope of the release by all Class Members (other than those who properly exclude themselves from the Settlement) covers any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character, known or unknown, arising out of, relating to, or in connection with, the Complaint, the claims asserted in Action, the Released Parties' telephone calling practices, and the administration of this settlement. [*See* Settlement Agreement at ¶¶ 2.29; and, 16.01]. The release covers known and unknown claims as related to Franklin's cause of action in the Complaint, including a waiver of California Civil Code Section 1542. [*Id*. at 16.01(B)].

### E.  OPPORTUNITY TO OPT OUT AND OBJECT

Under the terms of the proposed Settlement, Class members will have the right to opt out of the Settlement or object to its terms. [*See* Settlement Agreement, ¶ 12.01]. The deadline for doing so is within 90 days of the mailing of the Direct Mail Notice. [*Id*.]. Class members will be informed of these rights via direct mail notice; publication notice; a settlement website; and a toll-free telephone number.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

[*Id*. at ¶¶ 12.01-12.02].  The Parties believe that this manner of notice is the best practicable form of notice and provides the Class with sufficient information to make an informed decision regarding membership in the proposed settlement.

### F.   TERMINATION OF SETTLEMENT

Wells Fargo may elect to terminate this Agreement if exclusion requests as provided for in the Preliminary Approval Order exceed 2,000.  [Settlement Agreement, ¶ 17.03].  In the event that the settlement is terminated pursuant to this Section, the Parties will be returned to the status quo ante as if no settlement had been negotiated or entered into.  [*Id*.].  However, the Parties will attempt to mediate in good faith prior to reverting back to litigation in this Action.

### G.   CLASS REPRESENTATIVE'S APPLICATION FOR INCENTIVE AWARD

Franklin will apply to the Court for an incentive award of *up to* $5,000.00 for Franklin's service as Class Representative in this action.  [*See* Settlement Agreement, ¶ 6.02].  Any incentive award approved by the Court will be paid by the Claims Administrator out of the Settlement Fund established by Wells Fargo before payments to other class members are made.  [*Id*.].

### H.   CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, COSTS AND EXPENSES

Class Counsel shall move the Court for an award of attorney's fees and costs not to exceed $3,637,549.50, which is the Ninth Circuit benchmark of 25% of the Settlement Fund.  [*See* Settlement Agreement, ¶ 6.01].  Any award of fees and costs approved by the Court shall be paid from the Settlement Fund.  [*Id*.].  Wells Fargo shall not object to Class Counsel's Motion for Fees so long as the total amounts requested by Class Counsel do not exceed $3,637,549.50 for attorneys' fees and $15,000.00 for costs.  [*Id*.].  Court approval of Class Counsel's attorney's fees and costs is not a condition of the settlement.  [*Id*.].  Notice costs of $2,987,795.18 will also be paid from the Settlement Fund.  [*Id*.].

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## IV.   **LEGAL ANALYSIS**

Rule 23(e) requires court approval for settlement of class claims.  Approval of a class settlement occurs in two steps:

First, the Court conditionally certifies the class and grants preliminary approval of the settlement.

Second, after the settlement is preliminarily approved and notice of the settlement is provided to the class, the Court conducts a fairness hearing to determine if the settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2); Manual for Complex Litigation (4th ed. 2004) § 21.632; *In re NASDAQ Market Makers Antitrust Litigation*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997).

The instant Motion is submitted in support of the first step of the settlement approval process.

### A.   THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23

Before granting preliminary approval of a settlement, the Court must determine that the proposed class can be certified for settlement purposes.  See *Manual for Complex Litigation* (4th Ed. 2004) § 21.632; *Amchem Prods. Inc. v. Windor*, 521 U.S. 591, 620 (1997).  Rule 23 governs the issue of class certification, whether the proposed class is a litigated class or, as here, a settlement class.  The Ninth Circuit recognizes the propriety of certifying a Class for the purpose of settling a consumer protection action. *See, e.g., Anthony v. Yahoo., Inc.*, 376 Fed. Appx. 775 (9th Cir. 2010); *Shaffer v. Cont'l Cas. Co.*, 362 Fed. Appx. 627 (9th Cir. 2010).  Where a court is evaluating the certification question in the context of a proposed settlement class, questions regarding the manageability of the case for trial purposes are not considered.  *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. R. Civ. P. 23(b)(3)(D), for the proposal is that there be no trial.").

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Certification is appropriate where the proposed class and the proposed class representatives meet four prerequisites of Rule 23(a) – (i) numerosity; (ii) commonality; (iii) typicality; and, (iv) adequacy of representation.  In addition, one of the three requirements of Rule 23(b) must also be met.  Certification of a class action for damages requires a showing that "questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The requirements for class certification under Rule 23 have been met for the sole purpose of effectuating settlement of this disputed class claim.  Nothing in regard to the settlement of this disputed claim shall be construed as an admission that Franklin has satisfied the substantive requirements of Rule 23.[1]  Furthermore, the treatment of this matter as a class action for purposes of settlement shall not be admissible to support class certification in any other matter.  In the event that the settlement is not approved, the Parties agree that any agreement and order certifying a settlement class shall be null and void and the parties shall return to their respective positions at the time this Motion was submitted to the Court for approval.

### 1. *The members of the Settlement Class are sufficiently numerous.*

The first requirement for maintaining a class action under Rule 23(a) is that the class is so numerous that joinder of all members would be "impracticable." Fed. R. Civ. P. 23(a)(1).  Generally, the numerosity requirement is satisfied when the class is comprised of 40 or more members. *Celano v. Marriott Int'l, Inc.*, 242

---

[1] In evaluating a settlement in this type of complex litigation, courts have long recognized that such litigation "is notably difficult and notoriously uncertain." *Lewis v. Newman*, 59 F.R.D. 525, 528 (S.D.N.Y. 1973) (footnote omitted).  Thus, compromise is particularly appropriate.  *Nelson v. Bennett*, 662 F. Supp. 1325, 1334 (E.D. Cal. 1987).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

F.R.D. 544, 549 (N.D. Cal. 2007).[2]  Furthermore, "where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *Charlebois v. Angels Baseball, LP*, No. 10-cv-0853, 2011 U.S. Dist. Lexis 71452, at *13 (C.D. Cal. Jun. 30, 2011) (citations omitted).  While Wells Fargo believes that the number of class members that have valid TCPA claims is unascertainable, Wells Fargo has identified 4,076,207 individuals that were called during the class period that fit the definition of the settlement class.  [*See* Settlement Agreement, ¶ 2.20; Deposition of Jacob Mou ("Mou Depo."), 12:8-10 attached as Exhibit 2 to the Declaration of Abbas Kazerounian].  Thus, the proposed class meets the first prerequisite of Rule 23 for settlement purposes.

### 2.   *The requirement of commonality is satisfied.*

The second prerequisite to class certification is the existence of questions of law or fact that are common to the class.  Fed. R. Civ. P. 23(a)(2).  "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury . . . Their claims must depend upon a common contention . . . That common contention, moreover, must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2551 (2011) (internal citations and quotations omitted).  Still, to meet this requirement, "the existence of shared legal issues or common facts need only be 'minimal.'" *Greko v. Diesel U.S.A.*, 277 F.R.D. 419, 426 (N.D. Cal. 2011).  It is "not necessary that all

---

[2] *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) ("Generally speaking, courts will find that the 'numerosity' requirement has been satisfied when the class comprises 40 or more members"); *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (numerosity presumed at level of 40 members).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

questions of law or fact be common." *Kyne v. Ritz-Carlton Hotel Co., L.L.C.*, No. 08-cv-530, 2011 U.S. Dist. Lexis 77814, at *8 (D. Haw. Jun. 27, 2011).[3]

Here, the Class is defined as "[a]ll cell phone users or subscribers to wireless or cellular services within the United States who use or subscribed to phone numbers which Wells Fargo placed any calls from November 1, 2009 to September 17, 2014 using any automated dialing technology or artificial or prerecorded voice technology in an effort to collect on a consumer credit card account." [Settlement Agreement, ¶ 2.08]. Thus, the significant common issues presented are:

- whether Wells Fargo initiated a telephonic communication to the class member's cellular telephones with an automatic telephone dialing system and/or prerecorded voice;

- whether Wells Fargo initiated a telephonic communication to the putative class members' cellular telephones with an automatic telephone dialing system and/or prerecorded voice; and,

- whether a private right of action exists, jurisdiction is proper and statutory damages are available.

Based upon this conduct, Class Members all seek the same remedy as permitted by the TCPA. Under these circumstances, the commonality requirement is satisfied for purposes of certifying a settlement class. See *Hanlon,* 150 F. 3d at 1019-20. Therefore, the second prerequisite of Rule 23 is satisfied for settlement purposes.

### 3. *The requirement of typicality is satisfied.*

The third prerequisite to class certification is that the named plaintiff's claims are typical of the class. Fed. R. Civ. P. 23(a)(3). A plaintiff's claim is typical "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

---

[3] See also *General Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982) ("Class relief is 'particularly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class."

theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.3d 225, 232 (7th Cir. 1983). The test for typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992), quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985). See also *Lightbourn v. County of El Paso, Tex.*, 118 F.3d 421, 426 (5th Cir. 1998); *In re United Energy Corp. Solar Power Modules Tax Shelter Ivs. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988).

In this case, Franklin's claims arise from Wells Fargo's purportedly initiating a telephonic communications to Plaintiff's cellular telephone through the use of an automatic telephone dialing system and/or with prerecorded messages. Since each class member received telephone calls from Wells Fargo under the same circumstances, there is a unity of interest between Franklin and the Class Members that Franklin seeks to represent. Stated differently, the TCPA violation alleged by Franklin is the same violation alleged by the class members. Therefore, Franklin's claims are typical of the claims of the class.

### 4. *The requirement of adequate representation is satisfied.*

The final requirement of Rule 23(a) is that the representative plaintiff will fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(4). "This factor requires: (1) that the proposed representative plaintiffs do not have conflicts of interest with the proposed class, and that plaintiffs are represented by qualified and competent counsel." *Dukes*, 509 F.3d at 1185.[4]

Here, Franklin has the same interests as the class members that Franklin seeks to represent because this action is based upon the same alleged conduct of Wells Fargo and Franklin seeks redress for the same injury as the proposed Class.

---

[4] See also *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Furthermore, Franklin is represented by counsel who are qualified in class action litigation and have had extensive experience in consumer protection class action lawsuits. *Carrizosa v. Stassinos*, 669 F. Supp. 2d 1081 (N.D. Cal. 2008); *Hunt v. Check Recovery Systems, Inc.*, 241 F.R.D. 505 (N.D. Cal. 2007); *Wyatt v. Creditcare, Inc.*, 2005 WL 2780684 (N.D. Cal. 2005); and, *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005). See Declarations of Abbas Kazerounian; Joshua B. Swigart; and, Douglas J. Campion filed herewith. Thus, Franklin and Franklin's counsel adequately represent the class.

### 5. *The Action meets the requirements of Rule 23(b)(3).*

Once the four requirements of Rule 23(a) are met, "the potential class must also satisfy at least one provision of Rule 23(b)." *Rosario*, 963 F.3d at 1017; see also *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). Rule 23(b)(3) states that a class may be certified when "questions of law or fact common to class members predominate over any questions affecting only individual members, and [...] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Certification under Rule 23(b)(3) is appropriate "'whenever the actual interests of the parties can be served best by settling their difference in a single action.'" *Hanlon*, 150 F.3d at 1022 (quoting 7A C.A. Wright, A.R. Miller, & Kane, FEDERAL PRACTICE & PROCEDURE § 1777 (2d ed. 1986)).

The common issue presented in this action is whether Wells Fargo's manner of initiating telephonic communications to Plaintiff and the class members violated the TCPA. After conducting appropriate discovery and investigation, Plaintiff has narrowed the class to focus on calls placed with respect to Wells Fargo's consumer credit card customers. This is so because the calls placed to Franklin were placed in an effort to reach such a customer and because Wells Fargo's practices and procedures vary among business lines. By limiting the class to individuals, such as Franklin, that were called in connection with a consumer credit card account Class

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Counsel has assured that common issues predominate over any individual issue.

Moreover, a class-wide settlement of this action is superior to other available methods for the fair and efficient adjudication of this controversy because it is neither economically feasible, nor judicially efficient, for the millions of Class Members to pursue their claims against Wells Fargo on an individual basis. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980); *Hanlon*, 150 F.3d at 1023. By utilizing the class action vehicle, relief may be provided to class members without the need for numerous separate trials on the same facts. Hence, a class action will achieve economies of time, effort and expense, as well as promote uniformity of decision as to persons similarly situated.

Because this is a settlement class, the Court need not consider issues of manageability relating to trial. See *Amchem*, 521 U.S. at 620 ("[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.").

Accordingly, the Parties stipulate, solely for the purposes of this settlement, that the class is suitable for certification for settlement purposes. Thus, the Parties request that the Court certify the settlement class pursuant to Rule 23(b)(3) for purposes of granting preliminary approval of the settlement.[5]

### B. THE PARTIES FACE SUBSTANTIAL RISKS IN PURSUING FURTHER LITIGATION.

In litigating this matter, Franklin has identified significant burdens that each Class Member would bear in the event that Franklin and Wells Fargo's settlement

---

[5] As a matter of public policy, settlement is a strongly favored method for resolving disputes. See *Utility Reform Project v. Bonneville Power Admin.* 869 F.2d 437, 443 (9th Cir. 1989). This is especially true in class actions such as this. *See Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982). As a result, courts should exercise their discretion to approve settlements "in recognition of the policy encouraging settlement of disputed claims." *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

is not approved.  These challenges include the difficulties in overcoming Wells Fargo's consent arguments on the merits.  Moreover, Wells Fargo asserted strong defenses to class certification:

- Wells Fargo contends many of its customers—the proposed Class Members—agreed to arbitration individually and waived their right to participate in a class action.  *See AT&T Mobility v. Concepcion*, 131 S. Ct. 1740 (2011); *Coneff v. AT & T Corp.*, 673 F.3d 1155 (2012); *Kilgore v. KeyBank ,Nat'l Ass'n*, 673 F.3d 947 (2012).

- Wells Fargo contends whether call recipients "had not previously consented to receiving" autodialed or prerecorded calls on their cell phones requires individual fact finding.

- Wells Fargo contends that the equipment it used to placed calls to class members does not meet the statutory requirements necessary to trigger liability.

- Wells Fargo contends whether calls were received on cell phones ***at the time the calls were placed*** requires individual fact finding.  Wells Fargo's calling records do not differentiate cell phone numbers from landline numbers (collection calls to landlines pose no risk of TCPA liability).

- Wells Fargo contends the need to resolve amounts that proposed class members owe to Wells Fargo either by way of Wells Fargo's counterclaims or offset poses intractable individualized proof problems.

These significant risks make the global class settlement obtained by Franklin all the more beneficial to the Class Members while also providing finality to this dispute for Wells Fargo.

### C. THE COURT SHOULD PRELIMINARILY APPROVE THE PROPOSED SETTLEMENT.

Once a settlement class is certified, the Court examines whether to preliminarily approve the settlement.  At the preliminary approval stage, the Court

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

need only consider whether the proposed class action settlement is "within the range of possible approval" and thus may be submitted to members of the prospective class for their acceptance or rejection. Manual for Complex Litigation § 30.45 (3rd ed. 1995). This is different from the ultimate fairness determination for final approval of the settlement. Rather, at this preliminary juncture, the inquiry is limited to whether to notify the class members of the proposed settlement and to proceed with a fairness hearing. *Id*. The Court should grant preliminary approval if the proposed settlement appears to be "the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *In re NASDAQ Market Makers*, 176 F.R.D. at 102.[6]

A strong judicial policy exists that favors the voluntary conciliation and settlement of complex class action litigation. *In re Syncor*, 516 F.3d at 1101 (citing *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982). While the district court has discretion regarding the approval of a proposed settlement, it should give "proper deference to the private consensual decision of

---

[6] A court should generally grant preliminary approval and direct that notice of the settlement and fairness hearing be disseminated. See e.g., Newberg & Conte, *Newberg on Class Actions* (Fourth Ed. 2002) § 11.25 pp.38-39, citing *Manual for Complex Litigation*, 3d (1997) § 30.41; see also, *In re Traffic Executive Association-Eastern Railroad*, 627 F.2d 631, 634 (2d Cir. 1980) (noting preliminary approval at more requires a determination that there is "probable cause" to submit the settlement proposal to class members and hold a full-scale fairness hearing); *Acosta v. Trans Union LLC*, 234 F.R.D. 377, 386 (C.D. Cal. 2007) ("To determine whether preliminary approval is appropriate, the settlement need only be fair, as the Court will make a final determination of its adequacy at the hearing on Final Approval, after such time as any party has had a chance to object and/or opt out"); *Satchell v. Federal Express Corp.*, 2007 WL 1114010, at *4 (N.D. Cal. 2007) (granting preliminary approval because proposed settlement appeared to be the result of arm's length negotiations, non-collusive, free of "obvious defects" and "within the range of possible settlement approval").

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). In fact, when a settlement is negotiated at arms' length by experienced counsel, there is a presumption that it is fair and reasonable. *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359, 380 (N.D. Cal. 2001).[7]

### 1. *The settlement is a product of arms' length negotiations.*

This settlement was reached by experienced counsel on both sides following non-collusive negotiations facilitated by the Honorable Irma E. Gonzales of JAMS (Ret.). As such, the settlement is entitled to a presumption of fairness. *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. at 380. See also *Milliron v. T-Mobile USA, Inc.*, 2009 WL 3345762, at *5 (D.N.J. Sept. 14, 2009) (approving a settlement after a one-day mediation before a retired federal judge and noting that "the participation of an independent mediator in settlement negotiation virtually insures that the negotiations were conducted at arm's length and without collusion between the parties (emphasis added)"); *Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) (approving settlement after a one-day mediation and noting that "the assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive (emphasis added)"; *Larson v. Sprint Nextel Corp.*, 2010 WL 239934, at *11 (D.N.J. Jan. 15, 2010) (same); *Bert v. AK Steel Corp.*, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008); 2 *McLaughlin on Class Actions* § 6:7 (8th ed) ("A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion (emphasis added)."); and *Dennis v. Kellogg Co.*, 2010 WL 4285011, at *4 (S.D. Cal. Oct. 14, 2010) ("[T]he parties engaged in a full-day mediation session" followed by further settlement negotiations, thus establishing that the proposed settlement was noncollusive.). Said negotiation was hard fought and

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

---

[7] Courts consistently find that "[t]he expense and possible duration of the litigation are major factors to be considered in evaluation the reasonableness of [a]…settlement." *Milstein v. Huck*, 600 F. Supp. 245, 267 (E.D.N.Y. 1984); *Bullock v. Administrator of Estate of Kircher*, 84 F.R.D. 1, 10 (D.N.J. 1979).

resulted in a substantial benefit to the class members.   Thus, there can be no dispute that the Settlement was reached through non-collusive arm's length negotiations by the Parties. *See Liberman*, 73 F.R.D. at 535.

Furthermore, both parties were represented by experienced class action counsel in this action.   As established by the declarations filed concurrently herewith, Class Counsel are experienced consumer class action attorneys.   Given that experience and expertise, Class Counsel are well qualified to assess the prospects of the case and to negotiate a favorable resolution for the class. Similarly, Wells Fargo's attorneys have extensive class action experience and have litigated numerous consumer class actions across the nation in both state and federal courts, including dozens of TCPA class actions.   [*See, e.g.* the Declarations of Counsel filed concurrently herewith].   Thus, the informed conclusion by the Parties should be given deference.  *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D 359, 380 (N.D. Ohio 2001).

### 2. *The settlement is fundamentally fair, reasonable and adequate.*

Moreover, there can be little doubt that the settlement is fair, reasonable and adequate as it necessarily satisfies the "within the range of possible approval" standard for preliminary approval.[8]   Although Franklin strongly believes that Wells Fargo's conduct violates the TCPA, Franklin is aware that the jury, the Court on a

---

[8] Courts presume the absence of fraud or collusion in the negotiation of a settlement unless evidence to the contrary is offered.   In short, there is a presumption that negotiations were conducted in good faith. *Newberg*, § 11.51; *In re Chicken Antitrust Litigation*, 560 F. Supp. 957, 962 (N.D. Ga. 1980); *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989); *Mars Steel Corp. v. Continental Illinois National Bank and Trust Co.*, 834 F.2d 667, 682 (7th Cir. 1987).   Courts do not substitute their judgment for that of the proponents, particularly where, as here, settlement as been reached with the participation of experienced counsel familiar with the litigation.  *Hammon v. Barry*, 752 F. Supp. 1087 (D.D.C. 1990); *Steinberg v. Carey*, 470 F. Supp. 471 (S.D.N.Y. 1979); *In re Armored Car Antitrust Litigation*, 472 F. Supp. 1357 (N.D. Ga. 1979); *Sommers v. Abraham, Lincoln Federal Savings & Loan Association*, 79 F.R.D. 571 (E.D. Pa. 1978).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

dispositive motion, or a court on appeal, may determine that: (1) the class members consented to receipt of the telephone calls at issue; (2) individual inquiries predominate regarding whether each class member consented the calls at issue; and, (3) the device utilized by Wells Fargo does not constitute an automatic telephone dialing system subject to the TCPA.

In addition, the Parties' proposed settlement of $14,550,198.00 is significantly larger than many other TCPA class settlements that have been approved by various district courts.  *See, e.g.*, *Couser v. Apria Healthcare, Inc.*, SACV13-35 JVS (RNBx) (C.D. Cal. October 27, 2014) (TCPA class settlement of $750,000.00 preliminarily approved by Court); *Ritchie v. Van Ru Credit Corporation, et al.*, 12-cv-1714 PHX (SMM) (AZ August 13, 2014) (TCPA class settlement of $2.3 million finally approved by Court); and, *Hanley v. Fifth Third Bank*, 12-cv-1612 (N.D. Ill. December 23, 2013) (TCPA class settlement of $4.5 million finally approved by Court).  Thus, the Parties request final approval since the proposed settlement is substantially larger than many other TCPA settlements that have been approved by the Courts.

Despite said risks, uncertainties and delays, the proposed settlement provides each class member with a significant award.  Each class member merely needs to submit a valid and timely claim in order to receive a portion of the multi-million dollar settlement obtained by Franklin.  Considering the difficulties discussed above, Franklin asserts that the current settlement is fundamentally fair, reasonable and adequate.  As such, Franklin requests that this Court approve the Parties' Settlement.

### D.  THE PROPOSED PLAN OF NOTICE SATISFIES THE REQUIREMENTS OF RULE 23 AND DUE PROCESS.

"The Court must direct notice in a reasonable manner to all class members who would be bound the proposal."  Fed. R. Civ. Proc. 23(e).  Rule 23(e) requires that notice of a proposed settlement inform class members of the following: (1) the nature of the pending litigation; (2) the general terms of the proposed settlement;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

(3) that complete information is available from the court files; and, (4) that any class member may appear and be heard at the fairness hearing.  4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 8.32 at 262-68 (4th ed. 2002). The notice must also indicate an opportunity to opt out, that the judgment will bind all class members who do not opt out, and that any member who does not opt out may appear through counsel.  Fed. R. Civ. P. 23(c)(2).

Subsection (c)(2)(B) of Rule 23 further provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested Parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, the Settlement Agreement details the procedure for implementing the settlement and notifying the class members.  [*See* Settlement Agreement, ¶¶ 9.01-9.08].  Within 30 days of entry of preliminary approval, the Claims Administrator will provide Direct Mail Notice; Publication Notice; the settlement website; and toll-free number for potential class members to call.  [*Id*.].  These notices will provide the class members with all the pertinent information regarding this matter that is required to make an informed decision.  Accordingly, the Parties' proposed notice complies with due process requirements and the Parties believe that said notice is the *best* notice possible.  *Mendoza v. United States*, 623 F.3d 1338, 1351 (9th Cir. 1980).

In addition, the Notice meets all of the requirements of Rule 23(e): it identifies the parties to the action and describes the nature of the action and the Class in a straightforward manner; it succinctly describes the essential terms of the settlement and identifies all parties against whom claims are being released; it provides class

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

members with information on how to opt-out of the Class and provides all applicable deadlines for such action; and it informs Class Members that if they do not exclude themselves from the class, and the settlement is approved, they will be bound by the resulting judgment.[9]  In addition, the Notice instructs class members to contact Class Counsel or the Claims Administrator to obtain more detailed information regarding the settlement.   In short, the Notice will provide the necessary information for class members to make an informed decision regarding the proposed settlement.[10]

### E.  Proposed Preliminary Schedule

The Parties propose that the Court establish the following deadlines related to the proposed settlement:

1.  Notice:   To be completed within 30 days from the entry of the Order Granting Joint Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order").

2.  Fee and Expense Application:   To be filed thirty days prior to the deadline for objecting to the Settlement .

3.  Final Approval Hearing: At least one hundred and forty  days after entry of the Preliminary Approval Order to allow sufficient time to accomplish class notice, receive and process exclusion requests, and receive and respond to objections.

///

---

[9] Notice is satisfactory "if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."  *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004).

[10] The content and method of the notice should be designed to apprise the class members of the terms of the proposed settlement and of the class members' rights regarding settlement.  *See Mullane*, 339 U.S. at 314; *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 378 (E.D. Pa. 1970).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

4. <u>Submission of Papers in Support of Final Approval and Incentive Award</u>: Must be filed no later than fourteen days before the Final Approval Hearing.

5. <u>Exclusion Requests</u>: Must be filed within one hundred days from the date of Direct Mail Notice, i.e., ten days after the Claims Deadline.

6. <u>Objections</u>: Must be filed within one hundred days from the date of Direct Mail Notice, i.e., ten days after the Claims Deadline.

7. <u>Claim Deadline</u>: Claims must be submitted within ninety days of mailing the Direct Mail Notice.

## V. **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court grant preliminary approval of the proposed settlement and enter the Proposed Order filed concurrently with this Motion; appoint Franklin as class representative; appoint the Kazerouni Law Group, APC, Hyde & Swigart and the Law Offices of Douglas J. Campion, APC as class counsel; appoint ILYM as the claims administrator; and, approve the schedule outlined above.

Dated: December 19, 2014        **KAZEROUNI LAW GROUP, APC**

By: ___/s/ Abbas Kazerounian___
ABBAS KAZEROUNIAN, ESQ.

**HYDE & SWIGART**

By: ___/s/ Joshua B. Swigart___
JOSHUA B. SWIGART, ESQ.

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**

By: ___/s/ Douglas J. Campion___
DOUGLAS J. CAMPION, ESQ.
ATTORNEYS FOR PLAINTIFF, LILLIAN FRANKLIN

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626