**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino del Rio South, Suite 101
San Diego, CA 92108
Telephone (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
Douglas J. Campion, Esq. (75381)
doug@djcampion.com
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2001
Facsimile: (619) 858-0034

*Attorneys for Plaintiff,*
Lillian Franklin

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LILLIAN FRANKLIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>Defendant. | **Case No.:** 14-cv-2349 MMA (BGS)<br><br>**DECLARATION OF ABBAS KAZEROUNIAN, ESQ. IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**DATE:** January 20, 2015<br>**TIME:** 2:30 p.m.<br>**COURTROOM:** 3A<br><br>**HON. MICHAEL M. ANELLO** |

///

///

///

---

**DECLARATION OF ABBAS KAZEROUNIAN, ESQ. IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**     14-cv-2349 MMAS (BGS)

# DECLARATION OF ABBAS KAZEROUNIAN, ESQ.

I, ABBAS KAZEROUNIAN, declare:

1. I am one of the attorneys for the Plaintiff LILLIAN FRANKLIN ("Franklin") in this action. I submit this declaration in support of the Motion for Preliminary Approval of the Class Action Settlement in the action against Defendant WELLS FARGO BANK, N.A. ("Wells Fargo"). I am licensed to practice law before this court and all California state courts. If called as a witness, I would competently testify to the matters herein from personal knowledge.

2. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3. There is pending in the United Stated District Court for the Southern District of California, a civil action entitled, *Lillian Franklin, Individually and on Behalf of All Others Similarly Situated v. Wells Fargo Bank, N.A.*, Case No.: 14-cv-2349 MMA (BGS) ("Franklin Action").

4. The Parties have engaged in thorough litigation followed by settlement discussions and negotiations regarding the Franklin Action. Through this process and Parties' representations to each other, the Parties believe that they are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risk to each party of pursuing further litigation in this matter.

5. Thereafter, the Parties engaged in a full day of mediation with the Honorable Irma E. Gonzalez (Ret.), several follow-up telephonic negotiations and eventually resolved the Action.

6. As part of the Settlement Agreement, Wells Fargo agreed to the following:
    a. Defendant will pay a non-reversionary "all in" cash sum in the total amount of $14,550,198.00.
    b. Class Members who submit a valid claim form will receive a pro rata share of the Settlement Fund, after the costs of claims administration,

notice, attorneys' fees and costs, and the incentive payment to the named plaintiff are deducted from the Settlement Fund.

    c. The Claims Administrator shall pay from the Settlement Fund the maximum total of $5,000.00 to Franklin payable through Class Counsel as an Incentive Payment for bringing and participating in this action.

    d. The Claims Administrator shall pay from the Settlement Fund to Class Counsel the maximum sum of $3,637,549.50 as attorneys' fees and a maximum of $15,000.00 in costs incurred in litigating this action, in the manner specified in the Settlement Agreement. As stated in the Settlement Agreement and Release, the amount of attorneys' fees and costs received by Franklin's counsel is to be determined by this Court following a Motion by Franklin's counsel.

7. I contend that this class as defined satisfies the requirements of Rule 23 because all members of the Class received telephonic communications from Wells Fargo on the Class Members cellular telephone which was initiated by an automatic telephone dialing system and/or with an artificial or prerecorded voice.

### CLASS DEFINITION

8. The Settlement Class is defined as follows:

> All cell phone users or subscribers to wireless or cellular services within the United States who used or subscribed to phone numbers to which Wells Fargo placed any calls from November 1, 2009 to September 17, 2014 using any automated dialing technology or artificial or prerecorded voice technology in an effort to collect on a consumer credit card account.

9. This matter should be certified as a Class action to assist in the expeditious litigation of this matter. However, Settlement will be terminable at the option of the Parties (a) if the valid opt outs number more than 2,000 members of the Class; (b) in the event the Court refuses to approve the Agreement because it

involves a claim form; (c) in the event the Court fails to enter the orders contemplated by the Settlement Agreement, or does so in a form substantially different from the forms contemplated by the Agreement; or (d) as otherwise provided in this Agreement. The Agreement also shall be terminable upon the mutual agreement of Franklin, Class Counsel and Wells Fargo.

10. In order to receive a monetary payment from the Settlement Fund, a Class Member must be a member of Class – those persons who received the telephonic communications as complained of in the operative pleading. Class Members will receive notice of this class action via direct mail notice; and, publication notice. Thereafter, class members may obtain further information regarding the Class Settlement by contacting the claims administrator telephonically or visiting the settlement website created by the Class Administrator, the ILYM Group, Inc. ("ILYM").

11. After the Court enters an order granting the Parties' Joint Motion for Preliminary Approval of Settlement, ILYM will initiate the notice process. ILYM specializes in providing administrative services in class action litigation, and has extensive experience in administering consumer protection and privacy class action settlements.

## ADEQUACY OF SETTLEMENT

12. In accordance with the Settlement Agreement, the substantial relief provided to the class members by Wells Fargo is $14,550,198.00.

13. The proposed Settlement contemplates that Franklin will request an incentive award of up to $5,000, subject to Court approval. Wells Fargo has agreed not to oppose a request for such incentive award in the agreed-upon amount.

14. The proposed Settlement contemplates that Class Counsel shall be entitled to apply to the Court for an award of attorneys' fees and costs to be paid from the Settlement Fund. Wells Fargo has agreed not to oppose an application by Class Counsel for an award of attorneys' fees up to $3,637,549.50. Class Counsel

also intends to request that the costs of litigation and any costs of Notice and Claims administration be paid from the Settlement Fund. Class Counsel will seek costs of litigation not to exceed $15,000.

15. Class Members will receive notice via direct mail notice as well as publication notice. In addition, ILYM will also ensure that the applicable information is available to consumer through a settlement website and a toll-free telephone number. Such notice is sufficient to permit the Settlement Administrator to provide an opinion about the notice plan to support a court finding that the plan is consistent with industry standards, and with facts demonstrating that the notice plan is sufficient to meet due process and Rule 23(c)(1)(2)(B).

16. To file a claim, the Class member need only file a claim online, by a toll-free telephone number or, if desired, by mail. All that is required to file a claim is that the Settlement Class Member provide his or her name, a Claim Identification number assigned to each postcard notice, if available, and a current address to which the settlement check can be mailed, if the address of record is incorrect.

17. Taking into account the burdens, uncertainty and risks inherent in this litigation, Franklin's counsel have concluded that further prosecution of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

18. Franklin and Franklin's counsel believe that the claims asserted in the Action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation including the risks in class certification, and any subsequent appeal, they believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and

conditions set forth in the Settlement Agreement. We have concluded that with the Settlement Fund and with the deterrent effects of the Settlement, we believe the terms and conditions of the Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

19. A settlement was finalized, agreed upon by all Parties and counsel and a formal Settlement Agreement was executed. This unopposed submission for Preliminary Approval and Class Certification followed.

20. The Class will provide a global release to the Released Parties as outlined in the Settlement Agreement.

## CLASS COUNSEL'S EXPERIENCE

21. Kazerouni Law Group, APC, Hyde & Swigart and the Law Offices of Douglas J. Campion, APC seek to be confirmed as class counsel for purposes of this action and proceeding with the settlement.

22. I am an attorney admitted to practice in the State of California and am a partner Kazerouni Law Group, APC ("KLG"), which has been retained to represent Franklin in the above-captioned matter. I am over the age of 18 and am fully competent to make this declaration. I was admitted to the State Bar of California in 2007 and have been a member in good standing ever since that time. I have litigated cases in both state and federal courts in California, Washington, Ohio, Nevada, Colorado, Tennessee and Texas. I am also admitted in every federal district in California and have handled federal litigation in the federal districts of California; including being admitted to the 9th Circuit Court of Appeals.

23. I have been appointed class counsel in several class actions brought pursuant to consumer protection statutes, including California Penal Code § 630, et seq.; and, the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (TCPA). My practice involves significant class action litigation and I am or have been

counsel in significant national class actions including, but not limited to, class actions against Bank of America, Chase and Wells Fargo to mention a few.

24. In addition to my class action experience, I have experience in commercial litigation and large-scale products liability litigation including a $2.5 million dollar settlement in *Mei Lu Hwei, et al v. American Honda Motor Co., Inc.*, et al. (Case No. BC401211 in Superior Court of California for County of Los Angeles). I have regularly litigated cases in state and federal courts, and have reached numerous confidential seven-figure settlements against internationally known companies.

25. I am the managing partner of Kazerouni Law Group, APC. I have been appointed lead counsel in numerous federal class actions, resulting in millions of dollars of settlements for my clients. I am currently lead or co-counsel for over 75 class action lawsuits currently pending in federal courts across the country, and as a result have paramount knowledge in this area of law.

26. As one of the main plaintiff litigators of consumer rights cases in the Central and Southern District of California, I have been requested to and have made regular presentations to community and legal organizations regarding debt collection laws and consumer rights. These organizations include Whittier Law School, Iranian American Bar Association, Trinity School of Law, Chapman Law School and California Western School of Law ("CWSL").

27. I am an adjunct Professor of Law at CWSL where in teach a three (3) credit Consumer Law class.

28. I have also lectured at the American Bar Association's National Convention as a leading expert in TCPA litigation (2013 convention in San Francisco) and also lectured on RPA at the American Bar Association's National Webinar in September 2013.

29. I am also a member of the Consumer Attorneys Association of Los Angeles, the Orange County Bar Association, former President of the Orange County Iranian

American Bar Association and a member in good standing of National Association of Consumer Advocates and American Association for Justice.

**KAZEROUNI LAW GROUP, APC SPECIALIZES IN CONSUMER RIGHTS CLASS ACTIONS**

30. I have extensive experience prosecuting class actions related to consumer issues. My firm, Kazerouni Law Group, APC ("KLG"), in which I am a principal, has litigated over 1,000 individual based consumer cases and have litigated over 300 consumer class actions.

31. Specific to the issues before this court, KLG is one of the few firms in the country that has significant experience litigation TCPA class action claims on nationwide basis. KLG is one of the few plaintiff firms that are responsible for the TCPA settlement of over $24M (the third largest settlement in United States TCPA jurisprudential history) in the case of *Mark A. Arthur v. Sallie Mae, Inc.* (Case No. C10-0198JLR in United District Court for Western District of Washington).

32. Some of the cases more significant class actions that I have been involved in, include but are not limited to:

    a. *Knell v. FIA Card Services, N.A.*, 12-cv-426 AJB (WVG) (S.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,750,000; preliminarily approved on January 23, 2014;

    b. *Knutson, et al. v. Schwan's Home Service, Inc.*, 12-CV-00964-GPC-DHB (S.D. Cal.) (Heavily contested TCPA class action; Settlement resulted in a common fund in the amount of $2,500,000, awaiting preliminary approval;

    c. *Zaw v. Nelnet, Inc.*, C 13-5788 RS (N.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of

privacy. Settlement resulted in a common fund in the amount of $1,188,110.00; finally approved on November 14, 2014;

d. *Malta, et al. v. Wells Fargo Home Mortgage, et al.*, 10-CV-1290 IEG (BLM) (Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts; obtained a common settlement fund in the amount of $17,100,000; final approval granted in 2013);

e. *Conner v. JPMorgan Chase Bank, et al.*, 10-CV-1284 DMS (BGS) (S.D. Cal.) (Currently serving as co-lead counsel for the settlement class of borrowers in connection with residential loans and TCPA violations stemming from the collection of those accounts; Settlement of more than $11,000,000.00 preliminarily approved);

f. *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 11-md-2286 MMA (MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; still actively involved in the MDL litigation and settlement process);

g. *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, 11-md-02295-JAH (BGS) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; still actively involved in the MDL litigation and settlement process);

h. *Arthur v. SLM Corporation*, 10-CV-00198 JLR (W.D. Wash.) (nationwide settlement achieving the then-largest monetary settlement in the history of the TCPA: $24.15; final approval granted in 2012)

i. *Lo v. Oxnard European Motors, LLC, et al.*, 11-CV-1009-JLS-MDD (S.D. Cal.) (achieving one of the highest class member payouts in a TCPA action of $1,331.25; final approval granted in 2012);

j. *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.) (approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00; final approval granted in 2013);

k. *Barani v. Wells Fargo Bank, N.A.*, 12-CV-02999-GPC-KSC (S.D. Cal.) (Class action settlement under the TCPA for the sending of unauthorized text messages to non-account holders in connection to wire transfers; preliminarily approved for $950,000.00)

l. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA).

m. *Olney v. Progressive Casualty Insurance Company*, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.); 13-CV-2058-GPC-NLS (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA, case pending);

n. *Iniguez v. The CBE Group, Inc.*, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.); 13-CV-00843-JAM-AC (the court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS);

o. *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.) (TCPA class action, settled and drafting preliminary approval papers);

p. *Martin v. Wells Fargo Bank, N.A.*, 12-CV-06030-SI (N.D. Cal.);

q. *Newman v. ER Solutions, Inc.*, 11-CV-0592H (BGS);

r. *In Re Jiffy Lube International, Inc.*, MDL No. 2261 [Finally approved for $47,000,000.00];

s. *Jaber v. NASCAR*, 11-CV-1783 DMS (WVG) (S.D. Cal.);

t. *Ridley v. Union Bank, N.A.*, 11-CV-1773 DMS (NLS) (S.D. Cal.);

u. *Ryabyshchuk v. Citibank (South Dakota) N.A., et al,* 11-CV-1236 IEG (WVG);

v. *Sherman v. Kaiser Foundation Health Plan, Inc.*, 13-CV-0981-JAH (JMA) (S.D. Cal.) (TCPA class action, settled and drafting preliminary approval papers);

w. *Rivera v. Nuvell Credit Company LLC*, 13-CV-00164-TJH-OP (E.D. Cal); and,

x. *Hoffman v. Bank of America*, 12-cv-539 JAH (DHB) (S.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,600,000; preliminarily approved on February 13, 2014;

y. *Karayan v. Gamestop Corp.,* 3:12-CV-01555-P;

z. *Couser v. Comenity Bank*, 12-cv-484 MMA (BGS) (S.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $8,400,000; preliminarily approved on October 2, 2014;

aa. *Lemieux v. EZ Lube, Inc.*, 12-cv-1791 BAS (JLB) (S.D. Cal.) (Class settlement approved and Kazerouni Law Group, APC appointed as class counsel);

bb. *Sherman v. Kaiser Foundation Health Plan, Inc.*, 13-cv-981 JAH (JMA) (S.D. Cal.) (TCPA Class settlement in the amount of $5,250,000.00 preliminarily approved on December 4, 2014); and,

*Newman v. Americredit Financial Services, Inc.*, 11-cv-3041 DMS (BLM) (S.D. Cal.) (TCPA Class settlement in the amount of $8,500,000.00 preliminarily approved on November 26, 2014).

33. Therefore, my experience in litigating class actions and my years in practice are sufficient to justify my firm's appointment as class counsel in this case.
34. Attached hereto as Exhibit 1 is the Settlement Agreement and Release.
35. Attached hereto as Exhibit 2 is a true and correct copy of the transcript of the Deposition of Jacob Mou, designated as the person most knowledgeable under Rule 30(b)(6) on behalf of Wells Fargo.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct, and that this declaration was executed on December 18, 2014.

By: /s/ Abbas Kazerounian
Abbas Kazerounian, Esq.