# PLAINTIFF'S EXHIBIT 1D

Q&A Form

---

*In The Case Of*

***Lillian Franklin, Individually and on Behalf of All Others Similarly Situated,***

***v.***

***Wells Fargo Bank, N.A.,***

***14-cv-2349 MMA (BGS)***

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1, COSTA MESA, CA 92626
(800) 400-6808

**Exhibit D**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

# If you received a call on your cellphone from or on behalf of Wells Fargo you could be entitled to benefits under a class action settlement.

*The United States District Court for the Southern District of California authorized this Notice. This is not a solicitation from a lawyer.*

- A proposed settlement of a class action lawsuit relates to allegations that, among other things, Wells Fargo Bank N.A. ("Wells Fargo") and its vendors placed calls to cellular telephones for the purposes of collecting on a consumer credit card account in violation of federal law. The case is known as *Franklin v. Wells Fargo Bank N.A.*, 14-CV-2349-MMA BGS.

- Wells Fargo denies all allegations of wrongdoing in the lawsuit. As part of the proposed settlement, Wells Fargo does not admit to any wrongdoing and continues to deny the allegations against it.

- The proposed settlement provides for payments to each Class Member submitting a valid claim by **_______, 2015** (an "Eligible Claimant"). The criteria for submitting a valid claim are described below.

- Wells Fargo also will pay the costs to administer the settlement.

- Your legal rights are affected whether you act or don't act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM** | The only way to get a payment under the settlement. |
| **EXCLUDE YOURSELF** | Get no payment under the settlement. This is the only option that allows you to be part of any other lawsuit against Wells Fargo or its vendors about the legal claims in the case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You can do this only if you do not exclude yourself. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the settlement. You can do this only if you do not exclude yourself. |
| **DO NOTHING** | You will receive no payment under the settlement and will give up your rights to assert any claims against Wells Fargo or its vendors about the legal claims in the case. |

- This Notice explains these rights and options—**and the deadlines to exercise them**.

- The Court must decide whether to approve the settlement as part of the process described in this Notice. Payments will be made if the Court approves the settlement.

# Exhibit D

## WHAT THIS NOTICE CONTAINS

### Table of Contents

| | Page |
|---|---|
| Basic Information | 4 |
| 1. Why was notice provided? | 4 |
| 2. What is the lawsuit about? | 4 |
| 3. Why is this a class action? | 4 |
| 4. Why is there a settlement? | 4 |
| Who Is in the Settlement | 4 |
| 5. How do I know if I am part of the settlement? | 5 |
| 6. Who is not included in the Class? | 5 |
| 7. I'm still not sure if I am included. | 5 |
| The Settlement Benefits — What You Get | 5 |
| 8. What does the settlement provide? | 5 |
| 9. What can I get from the settlement? | 5 |
| How You Get a Payment -- Submitting a Claim | 6 |
| 10. How can I get a payment? | 6 |
| 11. When would I get a payment? | 6 |
| 12. What am I giving up if I remain in the Class? | 6 |
| Excluding Yourself from the Settlement | 7 |
| 13. How do I exclude myself from the settlement? | 7 |
| 14. What is the effect if I exclude myself from this settlement? | 8 |
| 15. If I don't exclude myself, can I sue Wells Fargo for the same thing later? | 8 |
| 16. If I exclude myself, can I get a payment?8 | |
| The Lawyers Representing You | 8 |
| 17. Do I have a lawyer in the case? | 8 |

**Exhibit D**

18. How will the lawyers and the costs of the lawsuit be paid? 8

Objecting to the Settlement 8

19. How do I tell the Court if I don't like the settlement? 9

20. What's the difference between objecting and excluding? 9

The Court's Fairness Hearing 9

21. When and where will the Court decide whether to approve the settlement? 9

22. Do I have to come to the hearing? 9

23. May I speak at the hearing? 9

If You Do Nothing 10

24. What happens if I do nothing at all? 10

Getting More Information 10

25. Are there more details about the settlement? 10

26. How do I get more information? 10

# Exhibit D

## BASIC INFORMATION

### 1. Why was notice provided?

Notice was provided to the Settlement Class Members in four ways: (1) direct mail notice; (2) publication notices; (3) a settlement website; and, (4) a toll free telephone line. All forms of notice referred the Settlement Class Members to an informational web site that included this more detailed Notice.

The Court ordered that a Notice be made available to Class Members because they have a right to know about a proposed settlement of the class action against Wells Fargo and about their options before the Court decides whether to approve the settlement. If the Court approves the settlement, a Settlement Administrator will authorize the payments and other relief that the settlement allows.

The Notices explain the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. Please read this Notice carefully.

The United States District Court for the Southern District of California has jurisdiction over this proposed settlement. The person who sued is called the Plaintiff, and the company they sued (Wells Fargo Bank N.A.– ("Wells Fargo")) is called the Defendant.

### 2. What is the lawsuit about?

Wells Fargo provides personal and business banking options to customers across the country.

Plaintiff filed a proposed class action lawsuit against Wells Fargo under the caption *Franklin, Individually and on behalf of all others similarly situated v. Wells Fargo Bank N.A.,* 14-cv-2349-MMA-BGS (the "Action").

In the Action, Plaintiff claimed, among other things, that Wells Fargo placed calls to cellular telephones in violation of federal law. Wells Fargo denies all allegations of wrongdoing and has asserted many defenses. The settlement is not an admission of wrongdoing.

### 3. Why is this a class action?

In a class action, one or more people, called Class Representative(s), sue on behalf of people who have similar claims. In this case, the Class Representative is the Plaintiff Lillian Franklin. One court resolves the issues for all Class Members, except those who exclude themselves from the Class. United States District Court Judge Michael M. Anello has jurisdiction over the case to whom the parties have submitted this settlement for approval.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiff or Wells Fargo. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and settlement benefits go to the Class Members. The Class Representative and her attorneys think the settlement is best for the Class Members.

**Exhibit D**

## WHO IS IN THE SETTLEMENT

To see if you may qualify for a *pro rata* portion of the payment, you first have to determine whether you are a Class Member.

### 5. How do I know if I am part of the settlement?

Judge Anello has preliminarily decided that everyone who fits this description is a Class Member: All cell phone users or subscribers to wireless or cellular service within the United States who used or subscribed to phone numbers to which Wells Fargo placed any calls from November 1, 2009 to September 17, 2014 using any automated dialing technology or artificial or prerecorded voice technology in an effort to collect on a consumer credit card account. You are a Class Member if you received any of these calls even if you were not a Wells Fargo customer.

### 6. Who is not included in the Class?

The Class does *not* include Wells Fargo, any entity that has a controlling interest in Wells Fargo, and Wells Fargo's current or former directors, officers, counsel, and their immediate families. The Class also does not include any persons who validly request exclusion from the Class.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can visit the settlement website, www.FranklinWellsfargoTCPA.com., for more information, or you can fill out and return the claim form described on page [___], in question [10]. You can also click on "Claim Form" and review it to help determine whether you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

### 8. What does the settlement provide?

Wells Fargo will provide payments to each Class Member submitting a valid claim by **_______, 2015,** (an "Eligible Claimant") that meets the requirements for payment under the conditions described in Question [9] below.

### 9. What can I get from the settlement?

Class members who submit a valid claim will receive a payment from the Settlement Fund.

Payments would be made as follows: Eligible Claimants who are current or former Wells Fargo customers would have the right to payment of pro rata share of the Settlement Fund after attorneys' fees; litigation costs; and, notice costs are deducted. Class Members who do not meet the criteria above would not be entitled to submit a claim for payment.

How You Get a Payment -- Submitting a Claim

### 10. How can I get a payment?

To qualify for a payment you must timely submit a claim. To do so, you need only (a) submit a claim by calling the toll-free number; (b) submit a claim online at the

**Exhibit D**

Settlement website; or (c) submit the completed Claim Form downloaded from the Settlement Website to the Claims Administrator, by mail or otherwise. The claims process shall require only that the Settlement Class member provide his or her name, a Claim Identification number assigned to each postcard notice, if available, and, if the notice address is incorrect, a current address to which the cash payment may be sent. If the claimant's name matches the name on the Notice Database or Class List generated from Wells Fargo's records, that claim will be approved, subject to the limitation that only one claim will be paid to each Settlement Class Member. Al claims must be submitted no late than _____, 2015. If you choose to not file online or by the toll-free telephone line, you can download a claim form that is available on the Settlement Website (see Question 7), fill it out and mail it to the Claims Administrator with a postmark no later than _______ 2015.

**11. When would I get a payment?**

The Court will hold a hearing on **_______, 2015,** to decide whether to approve the settlement. If Judge Anello approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for the claim forms to be processed. Please be patient.

The proposed Settlement contemplates distributing payments to Eligible Claimants ninety (90) days from the date the Settlement becomes final and not subject to appeal.

**12. What am I giving up if I remain in the Class?**

Unless you exclude yourself, you stay in the Class; which means that you cannot sue, continue to sue, or be part of any other lawsuit against Wells Fargo about the legal issues in this case. If the settlement is approved and becomes final and not subject to appeal, then you and all Class Members release all "Released Claims" against all "Released Parties." "Released Claims" with respect to Plaintiff Class Members, means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the Released Parties' use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members in connection with a Consumer Credit Card Account, including the claims of Wells Fargo account holders and non-account holders who are members of the Settlement Class, to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any other statutory or common law claim arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice to call cellular telephones, or pagers. "Released Parties" means Wells Fargo, and each of its respective past, present and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives,

**Exhibit D**

predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive a payment from this settlement, and you want to keep any right you may have to sue or continue to sue Wells Fargo or other Released Parties on your own about the Released Claims, then you must take steps to remove yourself from the Class. This is called excluding yourself — and is sometimes referred to as "opting out" of the Class. Wells Fargo may terminate the settlement if a certain number of people exclude themselves from the Class.

### 13. How do I exclude myself from the settlement?

To exclude yourself from the settlement, you must send a signed letter by mail stating that you "want to opt out of the Wells Fargo Litigation." Please be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than ________, 2015 to:

*Wells Fargo Litigation*

ILYM GROUP Settlement Administrator

P.O. Box ____,

CITY, ST ZIP

You cannot exclude yourself by phone, fax or email.

### 14. What is the effect if I exclude myself from this settlement?

If you ask to be excluded, you will not get any payment from this settlement. Also you cannot object to the settlement. You will not be legally bound by anything that happens in the Action. You may be able to sue (or continue to sue) Wells Fargo in the future about the legal issues in this case.

### 15. If I don't exclude myself, can I sue Wells Fargo for the same thing later?

No. Unless you exclude yourself, you give up your right to sue Wells Fargo and the other Released Parties for the claims that this settlement resolves. You must exclude yourself from *this* Class to pursue your own lawsuit. Remember, your exclusion request must be postmarked on or before **_______, 2015**.

### 16. If I exclude myself, can I get a payment?

No. If you exclude yourself, do not send in a claim form to ask for any payment from this settlement. You may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Wells Fargo and/or the other Released Parties.

**Exhibit D**

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in the case?

The Court appointed the law firms of Kazerouni Law Group, APC; the Law Offices of Douglas J. Campion, APC, and Hyde & Swigart to represent the Class. These lawyers are called Class Counsel. You will not be charged for these lawyers. The Court will determine the amount of Class Counsel's fees and expenses, which Wells Fargo will pay as part of the settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. How will the lawyers and the costs of the lawsuit be paid?

Class Counsel will request from the Court an award of attorneys' fees and expenses and for service awards for the Representative Plaintiff. The total amount sought for attorneys' fees, will not exceed $3,637,549.50, 25% of the Settlement Fund. The amount of costs incurred by the attorneys will not exceed $15,000. (Those costs do not include the costs incurred by the Claims Administrator in providing notice and claims administration services, estimated to be $2,987,795.18, for which compensation from the Settlement Fund will also be sought.) The amount sought as a service award for the Representative Plaintiff will not exceed $5,000. Wells Fargo will pay Class Counsel's fees and expenses and the service award. Wells Fargo has agreed not to oppose these fees and expenses and awards. You have the right to object to the requested fees and expenses and awards. Class Counsel will file their papers in support of final approval of the settlement and their application for attorneys' fees and reimbursement of expenses and for service awards to the Representative Plaintiff no later than 30 days prior to the deadline for objecting to the Settlement. These papers will also be posted on the settlement website www.FranklinWellsfargoTCPA.com.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 19. How do I tell the Court if I don't like the settlement?

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file your objection with the Court and provide a copy to Class Counsel and to defense counsel at the addresses set forth below saying you object to the proposed settlement in *Lillian Franklin, individually and on behalf of all others similarly situated vs. Wells Fargo Bank N.A.*, Case No. 14 CV 2349 MMA BGS. Be sure to include your name, address, telephone number, that you are a Class Member, and your signature, and state the reasons why you object to the settlement. Your objection and any supporting papers must be filed with the Court, and the copies mailed to the following addressees, postmarked no later than **_______, 2015**:

**Exhibit D**

**Class Counsel:** Abbas Kazerounian, Esq.
Kazerouni Law Group, APC
245 Fischer Avenue, Unit D-1
Costa Mesa, CA 92626-4539

**Defense Counsel:**
Eric J. Troutman, Esq.
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612

**20. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object, because the case no longer affects you.

THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**21. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at **___:_____ __.m.** on **____day, _______, 2015**, at the U.S. Courthouse, 221 West Broadway, Courtroom 3A, San Diego, CA 92101. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Anello will listen to people who have asked to speak at the hearing. The Court may also consider how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**22. Do I have to come to the hearing?**

No. Class Counsel will answer any questions Judge Anello may have. You are welcome to come at your own expense. If you send an objection, you do not have to come to Court and talk about it. As long as your written objection is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary. Finally, you may seek to intervene in the Action, but you do not need to do so.

# Exhibit D

## 23. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear" in "*Lilian Franklin, individually and on behalf of all others similarly situated vs. Wells Fargo Bank N.A.*, Case No. 14 CV 2349 MMA BGS." Be sure to include your name, address, telephone number, that you are a Class Member, and your signature. Your Notice of Intention to Appear must be received by Class Counsel and defense counsel at the addresses in Question [19], no later than **_______, 2015**. You cannot speak at the hearing if you exclude yourself.

### IF YOU DO NOTHING

## 24. What happens if I do nothing at all?

If you do nothing, you will not receive a payment. If you do not exclude yourself from the Class, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Wells Fargo or the Released Parties about the legal issues in this case, ever again.

### GETTING MORE INFORMATION

## 25. Are there more details about the settlement?

This Notice summarizes the proposed settlement. More details appear in the Settlement Agreement and Release of Claims (the "Agreement"). Copies of the Agreement and the pleadings and other documents relating to the case are on file at the United States District Court for the Southern District of California and may be examined and copied at any time during regular office hours at the Office of the Clerk, U.S. Courthouse, 333 West Broadway, Suite 420, San Diego, CA 92101. The Settlement Agreement is also available at the settlement website, www.FranklinWellsfargoTCPA.com.

## 26. How do I get more information?

You can visit the settlement website at www.FranklinWellsfargoTCPA.com, where you will find answers to common questions about the settlement, the claim form, plus other information, including a copy of the Settlement Agreement. You may also write to: *Wells Fargo Litigation*, Settlement Administrator, P.O. Box ____, CITY, ST ZIP. **You should not direct questions to the Court**.