# PLAINTIFF'S EXHIBIT 1F

Final Order Approving Class Action Settlement

_____

*In The Case Of*

*Lillian Franklin, Individually and on Behalf of All Others Similarly Situated,*

*v.*

*Wells Fargo Bank, N.A.,*

*14-cv-2349 MMA (BGS)*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN FRANKLIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>Defendant. | Case No.: 14-cv-2349 MMA (BGS)<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**<br><br>**DATE:**<br>**TIME:**<br>**COURTROOM:** 3A<br><br>**HON. MICHAEL M. ANELLO** |

## FINAL APPROVAL ORDER

On October 13, 2014, after arms length negotiations, mediation sessions before the Honorable Irma E. Gonzalez (Ret.), and settlement discussions, Plaintiff and Defendant (herein jointly referred to as the "Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. On _____, 2014, the Parties filed the Agreement, along with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendant has caused to be served written notice of the proposed class action settlement on the person who has the primary Federal regulatory or supervisory responsibility with respect to Defendant.

1    On _____, 2015, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in this action; (ii) preliminarily approved the proposed settlement; (iv) appointed Plaintiff Lillian Franklin as the Class Representative; (v) appointed Hyde & Swigart; Kazerouni Law Group, APC; and, the Law Offices of Douglas J. Campion, APC as Class Counsel; and (vi) set the date and time of the Final Approval Hearing.

On _____, 2015, Class Counsel timely filed their motion for Attorneys' Fees, costs, and incentive award.

On _____, 2015, the Parties filed their Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as the "Final Approval Motion"). Pursuant to their Final Approval Motion, the Parties request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

On _____, 2015, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court. The Court has read and considered the Agreement, Final Approval Motion and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. <u>JURISDICTION</u>:  The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.

2. <u>SETTLEMENT CLASS MEMBERS</u>:  Pursuant to Fed. R.Civ. P. 23(b)(3), the Action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Settlement Class members with respect to the claims asserted in the Action:

> All cell phone users or subscribers to wireless or cellular service within the United States who used or subscribed to phone numbers to which Wells Fargo placed any calls from November 1, 2009 to September 17, 2014 using any automated dialing technology or artificial or prerecorded voice technology in an effort to collect on a consumer credit card account.

3. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>: Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Lillian Franklin as the Class Representative and Joshua B. Swigart of Hyde & Swigart; Abbas Kazerounian of the Kazerouni Law Group, APC; and, Douglas J. Campion of the Law Offices of Douglas J. Campion, APC as Class Counsel.

4. <u>NOTICE AND CLAIMS PROCESS</u>:  Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court.  The form and method for notifying the Settlement Class members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the notice process was clearly designed

to advise the Settlement Class members of their rights. Further, the Court finds that the claim process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

5. <u>FINAL CLASS CERTIFICATION</u>: The Court again finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

(a) The Settlement Class members are so numerous that joinder of all of them in the Action would be impracticable;

(b) There are questions of law and fact common to the Settlement Class members, which predominate over any individual questions;

(c) The claims of Plaintiff are typical of the claims of the Settlement Class members;

(d) The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and

(e) Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Court finds that the settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

7. <u>SETTLEMENT TERMS</u>: The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms

and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

    a) Defendant will pay a non-reversionary "all in" cash sum in the total amount of $14,550,198.00

    b) Class Members who filed valid claims will receive a pro rata share of the Settlement Fund after costs of notice and claims administration, attorneys' fees and costs, and the incentive award for the named plaintiff are paid from the Settlement Fund.

    c) Claims Administrator shall pay from the Settlement Fund the maximum total of $5,000.00 to Plaintiff payable through Class Counsel as an Incentive Payment for bringing and participating in this action; and

    d) Claims Administrator shall pay from the Settlement Fund to Class Counsel the sum of $3,637,549.50 as attorneys' fees and $15,000 in costs incurred in litigating this Action, in the manner specified in the Settlement Agreement.

8. The Court finds that the settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

9. <u>EXCLUSIONS AND OBJECTIONS</u>: ____ exclusions were received. The persons requesting exclusion are named on Exhibit A to this Order. The Court hereby excludes these individuals from the Settlement Class.

10. The Court finds that the settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength of the Plaintiffs' case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

11. The Settlement Class members were given an opportunity to object to the settlement.  No Settlement Class members filed objections.  After consideration of each of the objections, the Court hereby overrules such objections.

12. This Order is binding on all Settlement Class members, except those individuals named on Exhibit A, who validly and timely excluded themselves from the Class.

13. <u>RELEASE OF CLAIMS AND DISMISSAL OF ACTION</u>: The Class Representative, Settlement Class members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

14. The Action is hereby dismissed with prejudice in all respects.

15. This Order is not, and shall not be construed as, an admission by Defendant.

///
///
///
///

16. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

**IT IS SO ORDERED.**

Dated: _____         _____

                                                        HON. MICHAEL M. ANELLO
                                               UNITED STATES DISTRICT JUDGE