ERIC J. TROUTMAN (State Bar No. 229263)
ejt@severson.com
DIVYA S. GUPTA (State Bar No. 284282)
dsg@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN FRANKLIN, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:14-cv-02349-MMA-BGS<br>Hon. Michael M. Anello<br>Ctrm. 3A (Schwartz) |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **WELLS FARGO BANK, N.A.'S ANSWER TO COMPLAINT** |
| WELLS FARGO BANK, N.A., | |
| Defendant. | Action Filed:   October 3, 2014<br>Trial Date:   None Set |

In answer to the Class Action Complaint ("Complaint") of plaintiff, LILLIAN FRANKLIN ("Plaintiff"), defendant WELLS FARGO BANK, N.A. ("Wells Fargo") hereby admits, denies, and affirmatively alleges as follows with regard to the various allegations in the Complaint.

## INTRODUCTION

1.      Answering Paragraph 1 of the Complaint, Wells Fargo denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") in any respect, and otherwise denies each and every allegation contained in that paragraph.

## JURISDICTION AND VENUE

2.      Answering Paragraph 2 of the Complaint, Wells Fargo admits that this court has original jurisdiction pursuant to 28 U.S.C., Section 1332(d)(2). However Wells Fargo asserts that primary jurisdiction over the substantive issues at stake in this proceeding rests with the FCC—the agency charged by Congress to implement and interpret the TCPA in the first instance.

3.      Answering Paragraph 3 of the Complaint, Wells Fargo admits that venue is proper pursuant to 28 U.S.C. §1391 and 1441.  Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 3, and on that basis denies the allegations.

## PARTIES

4.      Answering Paragraph 4 of the Complaint, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies the allegations.  Wells Fargo denies any legal conclusions contained in Paragraph 4.

5.      Answering Paragraph 5 of the Complaint, Wells Fargo denies each and every allegation of that paragraph.

6.      Answering Paragraph 6 of the Complaint, Wells Fargo responds that this paragraph asserts one or more legal conclusions that do not require a response.

1    As to any factual allegations contained in Paragraph 6, Wells Fargo denies these
2    allegations.

3        7.    Answering Paragraph 7 of the Complaint, Wells Fargo admits that it
4    does business in the state of California and in the County of San Diego, but
5    otherwise denies each and every allegation contained in that paragraph.

6                          **FACTUAL ALLEGATIONS**

7        8.    Answering Paragraph 8 of the Complaint, Wells Fargo is without
8    sufficient knowledge or information to form a belief as to the truth of the allegations
9    contained in Paragraph 8, and on that basis denies the allegations.  Wells Fargo
10   denies any legal conclusions contained in Paragraph 8.

11       9.     Answering Paragraph 9 of the Complaint, Wells Fargo responds that
12   this paragraph asserts one or more legal conclusions that do not require a response.
13   As to any factual allegations contained in Paragraph 9, Wells Fargo denies these
14   allegations.

15       10.    Answering Paragraph 10 of the Complaint, Wells Fargo admits that it
16   does business in the state of California and in the County of San Diego, but
17   otherwise denies each and every allegation contained in that paragraph.

18       11.    Answering Paragraph 11 of the Complaint, Wells Fargo denies each
19   and every allegation of that paragraph.

20       12.    Answering Paragraph 12 of the Complaint, Wells Fargo denies each
21   and every allegation of that paragraph.  Wells Fargo specifically denies any legal
22   conclusions contained in Paragraph 12.

23       13.    Answering Paragraph 13 of the Complaint, Wells Fargo is without
24   sufficient knowledge or information to form a belief as to the truth of the allegations
25   contained in Paragraph 13, and on that basis denies the allegations.  Wells Fargo
26   denies any legal conclusions contained in Paragraph 13.

27       14.    Answering Paragraph 14 of the Complaint, Wells Fargo admits that it
28   did not place calls to the Plaintiff for an emergency purpose.

15.     Answering Paragraph 15 of the Complaint, Wells Fargo denies each and every allegation of that paragraph.

16.     Answering Paragraph 16 of the Complaint, Wells Fargo denies that it violated 47 U.S.C. § 227(b)(1) in any respect, and otherwise denies each and every allegation contained in that paragraph.

### CLASS ACTION ALLEGATIONS

17.     Answering Paragraph 17 of the Complaint, Wells Fargo admits that Plaintiff purports to represent a class but denies that the class Plaintiff seeks to represent is properly certifiable.

18.     Answering Paragraph 18 of the Complaint, Wells Fargo denies each and every allegation of that paragraph.

19.     Answering Paragraph 19 of the Complaint, Wells Fargo denies each and every allegation of that paragraph and denies that the class Plaintiff seeks to represent is properly certifiable.

20.     Answering Paragraph 20 of the Complaint, Wells Fargo denies each and every allegation of that paragraph.  Wells Fargo specifically denies that it illegally contacted or invaded the privacy of the Plaintiff or purported class members.  Wells Fargo also specifically denies any legal conclusions contained in Paragraph 20.

21.     Answering Paragraph 21 of the Complaint, Wells Fargo admits that Plaintiff and purported class members seek injunctive relief and money damages, but denies that any such relief is appropriate or available.

22.     Answering Paragraph 22 of the Complaint, Wells Fargo denies each and every allegation of that paragraph.

23.     Answering Paragraph 23 of the Complaint, Wells Fargo denies that there is a well-defined community of interest and that any dispositive common issues of law or fact exist between class members and, even if some common issues exist, individual inquiries predominate. Wells Fargo further denies each and every

allegation of that paragraph, including subparagraphs (a) through (c).

24. Answering Paragraph 24 of the Complaint, Wells Fargo denies each and every allegation of that paragraph. Wells Fargo also specifically denies any legal conclusions contained in Paragraph 24.

25. Answering Paragraph 25 of the Complaint, Wells Fargo responds that this paragraph asserts one or more legal conclusions that do not require a response. To the extent Paragraph 25 contains any factual allegations, Wells Fargo denies these allegations.

26. Answering Paragraph 26 of the Complaint, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26, and on that basis denies the allegations.

27. Answering Paragraph 27 of the Complaint, Wells Fargo responds that this paragraph asserts one or more legal conclusions that do not require a response. To the extent Paragraph 27 contains any factual allegations, Wells Fargo denies these allegations.

28. Answering Paragraph 28 of the Complaint, Wells Fargo denies each and every allegation of that paragraph. Moreover, Wells Fargo states that an injunctive and declaratory is not warranted in this case.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER**
**PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ*.**

29. Answering Paragraph 29 of the Complaint, Wells Fargo incorporates by reference its responses to the prior paragraphs herein as fully as though herein set forth.

30. Answering Paragraph 30 of the Complaint, Wells Fargo denies each and every allegation of that paragraph.

31. Answering Paragraph 31 of the Complaint, Wells Fargo denies each and every allegation of that paragraph.

32.   Answering Paragraph 32 of the Complaint, Wells Fargo denies each and every allegation of that paragraph.  Moreover, Wells Fargo states that an injunction is not warranted in this case.

**SECOND CAUSE OF ACTION**
**KNOWING AND WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

33.   Answering Paragraph 33 of the Complaint, Wells Fargo incorporates by reference its responses to the prior paragraphs herein as fully as though herein set forth.

34.   Answering Paragraph 34 of the Complaint, Wells Fargo denies each and every allegation of that paragraph.

35.   Answering Paragraph 35 of the Complaint, Wells Fargo denies each and every allegation of that paragraph.

36.   Answering Paragraph 36 of the Complaint, Wells Fargo denies each and every allegation of that paragraph.  Moreover, Wells Fargo states that an injunction is not warranted in this case.

**PLAINTIFF'S PRAYER FOR RELIEF**

Answering these unnumbered paragraphs of the Complaint, Wells Fargo denies each and every allegation set forth therein.  Wells Fargo further denies any wrongdoing whatsoever, and denies that Plaintiff and/or the purported class are entitled to any relief.

**WELLS FARGO'S AFFIRMATIVE DEFENSES**

WHEREFORE, Wells Fargo asserts the following affirmative defenses:

1.   Plaintiff lacks standing to sue Wells Fargo, and to represent any supposed class members on any claim against Wells Fargo. Moreover, to the extent any purported Class Members were not the intended recipients of calls placed by Wells Fargo they also lack standing to assert a claim as such purported Class Members are not "called parties" within the meaning of the TCPA.

2.     The imposition of statutory damages under the TCPA on a class wide basis against Wells Fargo would violate the Due Process provision of the United States Constitution and/or the California State Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law." E.g. *TXO Production Corp. v. Alliance Resources Corp.*, 509 U. S. 443, 453, 454 (1993); *BMW of North America, Inc. v. Gore*, 517 US 559, 562 (1996).  The TCPA affords discretion to award up to $1,500.00 "per violation." Yet the violation at issue—"making" a call to a cell phone that may or not have been connected, received or answered—causes *de minimus* or no actual harm. Hence imposition of the discretionary punitive damage element built into the TCPA would violate the *BMW* proportionality as to most class members.

3.     The award of statutory penalties against Wells Fargo would violate the prohibition against excessive fines of the United States Constitution. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir.1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67, 40 S.Ct. 71, 64 L.Ed. 139 (1919)). Again, here the violation at issue—"making" a call to a cell phone that may or may not have been connected, received or answered—causes *de minimus* or no actual harm.  Imposition of a $500.00 per call penalty is plainly excessive in this context and—taken in the aggregate—may result in billions in potential damages.

4.     Applicable statutes of limitations, including, without limitation, 28 U.S.C. § 1658, bar the claims of Plaintiff, or any persons she purports to represent. To the extent the Plaintiff or any individual class member contends she/he received a call prior to October 3, 2010, the claim is time barred.

5.     Any and all activities of Wells Fargo alleged in the Complaint were conducted with the consent, express and implied, of Plaintiff, class members or

other parties, persons and entities, and Wells Fargo is therefore free from actionable fault. Consent to receive autodialed calls may be demonstrated in a myriad of ways. Consent can also be demonstrated by communicating with Wells Fargo during calls with agents, via e-mail, via online updates to account demographics, via letters, branch visits or during any other interaction with Bank employees. Consent to be contacted via an autodialer on numbers associated with an account is also expressly agreed to as part of consumer credit agreements between Wells Fargo and its credit card customers. Different iterations of this written consent agreement govern the relationships of various class members. In some instances, a third-party may consent for the individual receiving the call—such as where a Wells Fargo's account holder provides a number belonging to a spouse or different cell phone subscriber that is subsequently called by Wells Fargo in an effort to reach its account holder. Moreover other class members, governed themselves in a manner expressing consent—such as by having multiple conversations with Wells Fargo on their cell phones without ever complaining about that form of contact being an appropriate way for Wells Fargo to reach them to discuss accounts belonging to spouses, clients, dependents, or references. The consent of Wells Fargo's accountholder operates as complete defense to a TCPA claim filed by an unintended recipient, at least until the time that Wells Fargo is advised that the number has changed hands.

6.      Plaintiff is barred from recovery by the doctrine of laches because she, and other class members, knew of the purported acts or omissions she ascribes to Wells Fargo and was fully aware of her rights against Wells Fargo (if any) but nevertheless inexcusably and unreasonably delayed in asserting those rights, to the prejudice of Wells Fargo. For instance, Plaintiff asserts a class dating back to at least 2010, yet none of the class members complained about the conduct alleged in the Complaint until Plaintiff's suit was filed in 2014. The delay in filing suit may result in difficulties in identifying and producing evidence material to defeating the claims of class members.

7.      Plaintiff's claims are barred in whole or in part as a result of her failure to mitigate alleged damages, if any. Plaintiff and many class members received multiple calls from Wells Fargo without objection and could have avoided additional calls by simply asking that Wells Fargo stop contacting them.  It is unfair and unjust for Wells Fargo to be held liable for calls placed as a result of Plaintiff's failure to take reasonable steps to notify Wells Fargo that she no longer owned the phone number in question.

8.      Wells Fargo's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between the parties and/or with the third-parties Wells Fargo was attempting to reach.

9.      Individualized questions and answers predominate such that class representation is not superior to other available methods of fair and efficient adjudication of this controversy, as required by Federal Rules of Civil Procedure, Rule 23.

10.     The conduct alleged in the Complaint as to non-customers is beyond Wells Fargo's control and occurs as the result of the conduct of third-parties. Accordingly Wells Fargo is insulated from liability by the doctrines of force majeure and superseding causation.

11.     Wells Fargo's lawful interest in contacting its customers—either for debt collection, informational purposes, or other account servicing activity—is necessary, and Wells Fargo reasonably believes such calls are necessary, to protect Wells Fargo's pecuniary interest in chattel and accounts—and its customers' interests. Further the conduct at issue is malum prohibitum and not malum in se. Moreover, the harm inflicted to Plaintiff and class members in receiving misplaced calls is not unreasonable as compared with the harm threatened to Wells Fargo's interests and chattel if it is barred from placing such calls. Hence Wells Fargo's conduct is privileged and inactionable.

12.     The contractual agreements relevant to the allegations in the Complaint specify that any disputes will be resolved through arbitration.  All potentially ascertainable class members have accepted arbitration clauses containing class action waivers. Wells Fargo intends to move to compel Plaintiff to arbitrate her claims, and on an individual basis only.

13.     Wells Fargo's calls to certain purported class members were placed with an emergency purpose as that term is used in the TCPA.

14.     Wells Fargo is without sufficient knowledge or information to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available to it, and accordingly, Wells Fargo reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate under any law, including but not limited to federal, maritime, and/or territorial law.

## WELLS FARGO'S PRAYER FOR RELIEF

WHEREFORE, Wells Fargo prays for relief as follows:

1.     That judgment be rendered in favor of Wells Fargo and against Plaintiff and/or the purported class;

2.     That Plaintiff and/or the purported class takes nothing by reason of the Complaint;

3.     That the Complaint be dismissed with prejudice as to Wells Fargo;

4.     That Wells Fargo be awarded its costs of suit and reasonable attorneys' fees incurred in defense of this action to the fullest extent allowed by law; and

5.     For such other relief as the Court deems just and proper.

DATED:  January 8, 2015          SEVERSON & WERSON
                                 A Professional Corporation

                                 By:  _s/ Eric J. Troutman_
                                          Eric J. Troutman

                                 Attorneys for Defendant
                                 WELLS FARGO BANK, N.A.