Matthew Kurilich California Bar Number 30172
17321 Irvine BLVD STE 115
Tustin CA 92780
Telephone    714-734-3715
Facsimile    714-734-3716
mattkurilich@gmail.com

Attorney for Objector
Anne L. Card

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Lillian Franklin, Individually and on Behalf of All Others Similarly Situated,<br>　　　　　　Plaintiffs,<br>vs.<br>Wells Fargo Bank, N.A.,<br>　　　　　　Defendant. | Case No. 14CV2349 MMABGS<br><br>**CLASS ACTION**<br><br>**OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT** |

Class member, Anne L. Card, pursuant to the proposed settlement makes the following statement:

  a. My name is Anne L. Card;
  b. My address is 1158 Quail Ridge, Irvine, CA 92603;
  c. My telephone number is 949-367-0520; and
  d. I am a class member per the Notice (Exhibit A).

Class member, Anne L. Card, pursuant to the proposed settlement makes the following objections to such settlement in this case:

1

# OBJECTIONS

## I. Settlement Relief Unreasonable, Unfair and Inadequate

The Settlement Relief is unreasonable, unfair, and inadequate both in comparison to similar TCPA class settlements, and in its own right.

First, the relief in this settlement is in the low range of recent TCPA class settlements. When any rule of the TCPA is violated, consumers have the ability to sue for up to $1,500 for each violation. While that amount may not be possible or reasonable in every class action, relief should be reasonable in comparison to Class Member harm and the results achieved in similar TCPA settlements. Here, the settlement fund is $13,859,103.80, which makes $3.40 theoretically available to every Class Member. An individual benefit of $3.40 is not a favorable result given the harm Defendant caused and amounts secured by counsel in other TCPA settlements. Defendant made multiple calls on multiple occasions over numerous days to Class Members, some of which were not Defendant's customers. Defendant's violation of the TCPA and FDCPA, and Defendant's invasion of Class Member privacy, makes the settlement payout unreasonable and unfair. The chart below shows where the relief in this case ranks in terms of recent TCPA settlements—toward the bottom. The chart demonstrates the inadequacy of this settlement.

| Case | Settlement Amount | Class Size | Individual Benefit |
| --- | --- | --- | --- |
| Hageman v. AT&T | $45 million | 16,000 | $2,812.50 |
| Benzion v. Vivint, Inc. | $6 million | 602,810 | $9.95 |
| Connor v. JPMorgan Chase | $11,665,592 | 1,303,112 | $8.95 |
| In Re: Capital One TCPA | $75,455,099 | 16,645,221 | $4.53 |
| Wilkins v. HSBC | $39,975,000 | 9,065,262 | $4.40 |
| Franklin v. Wells | $13,859,103.80 | 4,076,207 | $3.40 |

**OBJECTIONS TO PROPOSED CLASS ACTION SETTLMENT;** Lillian Franklin, et al., v. Wells Fargo Bank, N.A.**,** Case No. BC395959

| | | | |
|---|---|---|---|
| Fargo | | | |
| Couser v. Comenity Bank | $8,475,000 | 4,329,064 | $1.95 |

Second, the Settlement is unfair, unreasonable, and inadequate in its own right. The notice and administration costs for this settlement ballooned to more than $3 million. The Class has no assurance that the Parties and the Administrator used a cost effective notice program and claims administration plan to economize costs. The Parties and the Administrator could have reduced costs significantly by automatically paying each Class Member with a valid address. This would have reduced the time and postage expended to mail Notice, process claims, and then mailed settlement checks. The Parties and the Administrator have all of the necessary information to make payments to many Class Members. The current process multiplied notice and administration costs to the detriment of the Class. The claims-made nature of this settlement will also reduce the number of Class Members paid, which is unreasonable and unfair considering the Parties contemplate distributing the entire settlement fund. Given the excessive notice and administration costs, the Class can only conclude that the notice and administration program is unreasonable and unfair.

Finally, only $7,390,032.62 is available for Claimants after notice costs, attorney fees, and incentive awards are deducted. Assuming 100% of Class Members submit claims, each Class Member would receive $0.55. While $3.40 might be theoretically available to each Class Member based on the total settlement amount, once deductions are made, a class benefit of $0.55 would be wholly inadequate.

The Court should reject this settlement because the Relief is unfavorable in comparison to other TCPA settlements; notice and administration costs are excessive and unreasonable; and the expected Class Member benefits are de minimis in comparison to similar settlements and the harm Defendant caused.

## II.  Overbroad Release

The Release is overbroad and provides Defendant with a blanket release for an indefinite period of time for not only TCPA claims, but FDCPA claims as well. The

**OBJECTIONS TO PROPOSED CLASS ACTION SETTTLEMENT;** Lillian Franklin, et al., v. Wells Fargo Bank, N.A.**,** Case No. BC395959

Release applies to all claims and actions against Defendant "that arise out of or relate in any way to the Released Parties' use of an 'automatic telephone dialing system' or an 'artificial or prerecorded voice' to contact or attempt to contact Settlement Class Members in connection with a Consumer Credit Card Account, including the claims of Wells Fargo account holders and non-account holders who are members of the Settlement Class." The Release has no defined period and applies to Wells Fargo account holders and non-account holders alike. As written, the Release would bar a Class Member from raising a claim against Defendant for a new violation of the TCPA even if the violation occurs after final approval. The Release also would bar a Class Member from raising a defense or counterclaim against Defendant for Defendant's use of an automatic telephone dialing system or an artificial or prerecorded voice in violation of the FDCPA. Worse, the Release isn't limited to Credit Card Accounts held during the Class Period and extends to Accounts held before the Class Period and future Accounts that may be opened after Final Approval. The Court should limit the Release to the Class Period, November 1, 2009 to September 17, 2014, and specifically preserve Class Member claims and defenses against Defendant for any new TCPA and FDCPA violation occurring after that period.

### III.  Defective Notice for Objectors

It is unreasonable and unfair to require Class Members to mail objections to five different addresses, especially where notice to one is sufficient to provide notice to all. A Class Member should be required to mail his or her objections to no more than one address. Mailed notice to the court is sufficient. If the court is selected, all objections will be docketed and available to all counsel and the public on PACER or the court's website.  The Class Notice suggests that if a Class Member does not submit objections to each and every address listed, at the cost of at least $2.45 (more than 70% of the projected settlement benefits), the Court will not consider the objections, which is unfair. The Notice also fails to include the Clerk of Court's

4

---

**OBJECTIONS TO PROPOSED CLASS ACTION SETTLMENT;** Lillian Franklin, et al., v. Wells Fargo Bank, N.A.**,** Case No. BC395959

address, even though objectors are required to send objections to the Clerk. The Parties are attempting to place a barrier against improving the settlement agreement—to the detriment of the Class—by requiring a Class Member to submit objections to five different postal addresses, which is unreasonable and unfair. The Court should consider each and every objection regardless of whether the objection is sent to the court, the administrator, Class Counsel, or Defense Counsel.

## IV.  Cy Pres

The settlement agreement also is inadequate because it does not provide for how unclaimed and/or remaining settlement funds will be distributed. The settlement contemplates a cy pres beneficiary and distribution, but cy pres in not mentioned in the Class Notice and a beneficiary was not named, which is unfair to the Class. A specific cy pres recipient should have been identified in the settlement agreement and notice. The Class has the right to know how unclaimed settlement funds will be distributed and ultimately used. Additionally, the parties should have outlined how the cy pres recipient will utilize any remaining funds to benefit absent Class Members. No stipulation for unclaimed/remaining settlement funds was made here. The Settlement Agreement merely provides that if the unclaimed funds are "less than $50,000, that amount and any remaining funds not paid out as the result of the second round of uncashed settlement checks shall be paid out as a cy pres award, to a recipient agreed to by the Parties and approved by the Court." It is inappropriate to for the Parties to gloss over the distribution of $50,000 or more. Class Members deserve to know who will receive the unclaimed funds and how the funds will be used. The absence of such information makes the Notice and the settlement inadequate.

## V.  Excessive Fee Award

The requested fee award is excessive in light of the results achieved. Class Counsel requests 25% ($3,464,776) of the settlement fund and $15,000 in costs. While 25% of a common fund may be this court's benchmark, Class Counsel is not automatically entitled to that percentage, nor is Class Counsel entitled to a positive multiplier (3.7 here). Class Counsel compares its fee request to fee awards in other settlements; however, as noted above, this settlement does not compare favorably to recent TCPA class settlements. The relief obtained for the Class is on the low range of similar TCPA settlements. Worse, Class Counsel did not advocate for a less costly notice and administration program that would have resulted in both a greater of amount of benefits available for the Class and more Class Members paid. Finally, the risk in proving the alleged claims was low. Defendant called millions of telephone numbers using pre-recorded messages and auto-dialers. Many of those numbers did

not even belong to Wells Fargo customers, which demonstrates Defendant could not have obtained consent. Additionally, Class Counsel defeated Defendant's attempts to arbitrate the individual claims. Despite Class Counsel's victories, this case was settled less than a year after it was filed. If the Court does not reject the settlement because of its inadequate relief, the Court should reduce Class Counsel's fee award and increase Claimant benefits, pro rata.

## VI. Excessive Class Representative Award

Class Counsel requests $1,500 for the named plaintiff, which is excessive, unreasonable, and unfair to the Class. The requested incentive award is 441 times greater than the projected individual class member benefit of $3.40. Such a result is unfair to the average Claimant and raises the spectre that Plaintiff accepted the Settlement and incentive amount to the detriment of the Class. The Court should reduce the incentive award amount to remove any suspicion of impropriety.

## Conclusion

For the foregoing reasons we object to the proposed class action settlement.

Date: 6-15-15

By: /s/ Matthew Kurilich

Matthew Kurilich

*Attorney for Objector*

Objector

Anne L. Card

**OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT**; Lillian Franklin, et al., v. Wells Fargo Bank, N.A., Case No. BC395959

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on the ___6-15-15___ and served by the same means on all counsel of record.


                                                    /s/ Matthew Kurilich

**OBJECTIONS TO PROPOSED CLASS ACTION SETTLMENT;** Lillian Franklin, et al., v. Wells Fargo Bank, N.A.**,** Case No. BC395959

## Legal Notice

**Franklin v. Wells Fargo Bank N.A.**

Case No. 14-cv-2349-MMA-BGS

**If You Received a Cellphone call from Wells Fargo Using An Automatic Telephone Dialing System Between November 1, 2009 through September 17, 2014.**

**Your rights could be affected by a class action settlement.**

A settlement has been proposed in the lawsuit named above, which is pending in the United States District Court for the Southern District of California ("Court").

**Who Is Included?**

You are included in the Settlement as a "Class Member" if (1) you live in the United States and (2) you received one or more calls to your cellular telephone from Wells Fargo Bank, N.A. in connection with collection of a credit card debt from November 1, 2009 through September 17, 2014.

---

Franklin v. Wells Fargo Bank, N.A.
c/o ILYM Group, Inc.
P.O. Box 57086
Irvine, CA 92619

Postal Service: Please do not mark Barcode

WFF2182145
Anne L Card
1158 Quail Ridge
Irvine, CA 92603-4241

---

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
**PAID**
SANTA ANA, CA
PERMIT NO. 1882

**What Is The Case About?** The lawsuit claims that Wells Fargo Bank, N.A., ("Defendant" or "Wells Fargo"), violated a law called the Telephone Consumer Protection Act by calling cellphones without prior express consent using an automated telephone dialer during the Class Period November 1, 2009 to September 17, 2014 in an effort to collect on a consumer credit card account, Wells Fargo denies that it broke the law and denies doing anything wrong.

**Summary of the Settlement:** Under the Settlement, which must be approved by the Court, Wells Fargo has agreed to pay $13,859,103.80. After paying $5,000.00 in total incentive awards to the class representative, if approved by the Court, certain administrative expenses of $2,987,795.18, and attorneys' fees that the Court will be asked to approve (Class Counsel will seek attorneys' fees of no more than 25% of the $13,859,103.80 Settlement amount, or $3,464,775.95), and after paying the court-approved costs of litigating this lawsuit, no more than $15,000.00, the remainder of the Settlement Fund will be divided equally among Class Members who file approved claims. The details of the Settlement terms can be found at www.FranklinWellsfargoTCPA.com or by calling 1-844-744-8424.

**Can I Get Money from the Settlement?** Yes, if you are a Class Member and do not request exclusion, you will be entitled to a portion of the Settlement Fund. How much each Class Member receives will depend on how many people make claims that are approved.

**How Do I Make A Settlement Claim?** You can make a claim by either: 1) calling 1-800-380-6403; 2) by making a claim online at www.FranklinWellsfargoTCPA.com or 3) by mailing a completed Claim Form downloaded from the Settlement website to the address of the Settlement Administrator The ILYM Group shown below. To make a claim, you will be required to provide 1) your name; 2) your current address for mailing a check; 3) the Claim ID number on this postcard, if you were mailed a postcard; and 4) if you were part of a group of class members not identifiable from Wells Fargo's records and therefore did not receive a postcard, your cell phone number to confirm you are a class member.

**Do I Have a Lawyer?** Yes. The Court has appointed the following lawyers to represent Class Members. Joshua Swigart, Hyde & Swigart, 2221 Camino Del Rio South, Suite 101, San Diego, California 92108, Douglas J. Campion, Law Offices of Douglas J. Campion, APC, 17150 Via Del Campo, Suite 100, San Diego, California 92127 and Abbas Kazerounian, the Kazerouni Law Group, APC, 245 Fischer Avenue, Unit D1 Costa Mesa, CA 92626. The lawyers will be paid from the Settlement Fund.

**What Should I Do?** You should get more information about the Settlement to make a decision about what you should do. Basically, as a Class Member, you have three options: (1) You can submit a Claim to the Settlement Administrator to request a share of the Settlement Fund by June 9, 2015. If the settlement is approved, you will be bound by the Court's decisions in the lawsuit. You will not have the right to sue separately about the issues in the lawsuit. (2) You can remain a Class Member but object to the Settlement. To do so you must send a letter (not an email) identifying yourself as a Class Member and explaining why you object. Your objection must be sent to Class Counsel, defense counsel and the Court and be postmarked no later than June 19, 2015. You may choose to pay for and be represented by a lawyer who may send the objection for you. See the website for additional requirements if you intend to appear at the hearing. (3) You can exclude yourself from the Settlement, and be able to sue Wells Fargo about the issues in the lawsuit, by mailing a request form to the Settlement Administrator (not the Court). You must state in writing your name, address and telephone number and state that you want to be excluded from the settlement. That request must be postmarked no later than June 19, 2015.

**Scheduled Hearing**: The U.S. District Court, Southern District of California, located at 221 West Broadway, San Diego, CA 92101, will conduct a hearing on whether to give final approval to the Settlement, and if so, will determine what fees and expenses should be awarded to Class Counsel and whether $5,000 in total incentive payments should be awarded to the Class Representative that brought this action. The hearing is presently scheduled for July 20, 2015, but may be changed without notice. Any Settlement Class Member may appear at this hearing with or without an attorney.

**For more information, contact the Settlement Administrator:** Visit: www.FranklinWellsfargoTCPA.com Call: 1-844-744-8424 Or Write: Wells Fargo Cellphone Settlement, c/o ILYM Group, P.O. Box 57086, Irvine, CA 92619. *Para ver este aviso en español, visite www.FranklinWellsfargoTCPA.com*