UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN FRANKLIN, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>               Defendant. | Case No. 14-cv-2349-MMA (BGS) |

## OBJECTION OF C. JEFFREY THUT

Timothy R. Hanigan
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street
Suite 760
Woodland Hills, CA 91367
Telephone: (818) 883-5644
Fax: (818) 704-9372
Email: trhanigan@gmail.com

## INTRODUCTION AND CLASS MEMBER INFORMATION

The Class Notice instructs class members on how to object: "[b]e sure to include your full name, address, telephone number, that you are a class member, and your signature and state the reasons why you object to the Settlement." Objector's full name, address and telephone number are as follows:

>C. Jeffrey Thut
>21331 W. Prescott Court
>Kildeer, Illinois 60047-8859
>(547) 508-4274

Objector C. Jeffrey Thut is a class member; he was a cell phone user or subscriber to wireless or cellular service within the United States who used or subscribed to phone numbers to which Wells Fargo placed a call from November 1, 2009 to September 17, 2014 using an automated dialing technology or artificial or prerecorded voice technology in an effort to collect on a consumer credit card account. Mr. Thut is represented in this matter by the Lang Hanigan firm and Bandas Law Firm, PC. Chris Bandas of Bandas Law Firm does not presently intend on making an appearance for himself or his firm.

Attached as Exhibit "A" is the declaration of C. Jeffrey Thut, which is incorporated herein by reference, and which attaches his direct notice received in this case. Mr. Thut's signature is below.

Objection is made to any requirement to object that is not contained in the notice and/or that is not satisfied herein. Objector does not intend on attending the fairness hearing in person or through counsel. Objector joins the objections of any other objectors or *amici* to the extent those objections are not inconsistent with this one. Objection is made to any settlement provision that purports to limit the right of class members to object or appeal.

## OBJECTION AND REASONS FOR OBJECTION WITH RESPECT TO CLASS COUNSELS' REQUEST FOR ATTORNEYS' FEES AND COSTS

Class counsel seeks fees and costs[1] of approximately $3.46 million with a lodestar of just slightly more than $900,000 in a Telephone Consumer Protection Act (TCPA) case where after deducting the cost of notice and administration the remaining fund is only about $10.9 million. This is excessive under the circumstances and objection is made to the proposed request for attorneys' fees and expenses based on both a percentage of recovery and lodestar analysis.

Class counsel seeks to value this proposed settlement at $13,859,103.80 for the purpose of justifying the attorneys' fees and costs on a percentage of recovery methodology. Specifically, class counsel seeks to justify their proposed award of approximately $3.46 million in fees and expenses on the ground that that is 25% of $13,859,103.80 fund, the "benchmark" percentage in this Circuit. For the reasons set out below, this is excessive and should not be awarded by the Court.

Class counsel is seeking to calculate its "percentage of recovery" on money that should not be counted for calculating its fees. $2,987,795.18 is the "estimated" cost of notice and claims administration that will be deducted from the $13,859,103.80 fund. It appears those costs may be even more. On a percentage of recovery basis, class counsels' fee should be measured not against what the defendant pays out, but what the class actually receives. *See, eg., Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014) (holding that administrative and notice

---

[1] Objector notes that the class notice states that "[t]he amount of costs incurred by the attorneys will not exceed $15,000[,]" see Long Form Notice at paragraph 18, while the memorandum in support of the attorneys' fee and expense application (Dkt. # 20-1 at 20) provides that class counsel incurred costs of $33,051.88. Objector does not raise an objection specifically related to this, but wishes to note the apparent discrepancy. Objector has no issue with the Class Representative receiving $1,500, and would not have had an issue at $5,000 either, which is the amount listed in the class notice.

costs should not be included in calculating division between class counsel and the class members), *cert. denied*, 135 S.Ct. 1429 (2015). After deducting the estimated costs of notice and administration, that leaves $10,871,308.62, which is (an approximation of) the correct amount to measure any percentage of recovery. Twenty five percent of $10,871,308.62 is approximately $2.72 million. But even $2.72 million is excessive in this case. For the reasons set out below, class counsel is not entitled to a 25% fee of $2.72 million in this case.

Class counsel's lodestar in this case is only $907,507. TCPA class actions should not justify anywhere close to a 3X lodestar ($2.72 million divided by $900,000 is approximately 3). Attached as Exhibit B is the court's opinion in *Rose v. Bank of America*, 2014 WL 4273358 (N.D. Cal. August 29, 2014, reconsideration denied). Attached as Exhibit C is the report of M. Todd Henderson filed in the Capital One TCPA case. Exhibits B and C are likewise incorporated herein by reference. As both the *Rose* decision and the Henderson report make clear, TCPA class actions are not high risk litigation to class counsel and do not justify a lodestar of 3. Moreover, in conducting the lodestar analysis the Court should conduct the same type of detailed investigation that was conducted in the *Rose* case. Objector contends that anything above a lodestar of 2 would be excessive in this case, and that is after a rigorous analysis of the hours is performed.

Third, and finally, to the extent applicable, objection is made based upon *In re High Sulfur Content Gasoline Prods. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008) (noting the district court's "independent duty … to ensure that attorneys' fees are reasonable and divided up fairly among plaintiff's counsel").

WHEREFORE, PREMISES CONSIDERED, Objector C. Jeffrey Thut requests that the Court reject the proposed award of attorneys' fees and expenses and for such other and further

relief to which he may be justly entitled consistent with this objection.

DATED: June 18, 2015                                     Respectfully submitted,

/S/ Timothy R. Hanigan
Timothy R. Hanigan
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street
Suite 760
Woodland Hills, CA 91367
Telephone: (818) 883-5644
Fax: (818) 704-9372
Email: trhanigan@gmail.com

Attorneys for Objector/Class Member
C. Jeffrey Thut


For the foregoing reasons, I object to this settlement.

DATED: June 18, 2015

C. Jeffrey Thut
21331 W. Prescott Court
Kildeer, Illinois 60047-8859
(547) 508-4274

## Certificate of Service

The undersigned certifies that today he filed the foregoing objection and associated declarations on ECF which will send electronic notification to all attorneys registered for ECF-filing. The undersigned further certifies he caused to be served via USPS First Class Mail, postage prepaid, a copy of this Objection and associated exhibits upon the following.

DATED: June 18, 2015

Abbas Kazerounian, Esq.
Kazerouni Law Group, APC
245 Fischer Avenue, Unit D-1
Costa Mesa, CA 92626-4539

Douglas J. Campion, Esq.
Law Offices of Douglas J. Campion APC
17150 Via Del Campo, Suite 100
San Diego, CA 92127

Joshua Swigart, Esq.
HYDE & SWIGART
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108

Eric J. Troutman, Esq.
SEVERSON & WERSON, APC
19100 Von Karman Ave., Suite 700
Irvine, CA 92612

/s/*Timothy R. Hanigan*
Timothy R. Hanigan