6/22/2015

**FILED**
Jun 26 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ danielles DEPUTY

June 18, 2015

To whom it may concern;

    I would like to participate in the hearing occurring on July 20, 2015, on the matter of Franklin v. Wells Fargo Bank N. A., case number 14-cv-2349-MMA-BGS. I do not wish to be represented by the Franklin Law Group or any of the listed Class Member attorneys. However, I do not want double jeopardy to take place in which I will not be able to take this matter to court on my own for the harassment and mental anguish that I have received from Wells Fargo. If at all possible I would like to be heard at the trial for Franklin v Wells Fargo Bank but I would like a separate settlement from the other class members and attorneys. Due to the mental anguish that Wells Fargo had put me through during my mother's terminal end of her life, my son's suicide, the loss of my husband's job, and my businesses financial loss, I have been put through extreme hardship and the bank had made it even more stressful. Not only would I receive calls from them where individuals would actually speak to me about the payments that I was not even behind on, but they would call and hang up on me constantly, several times a day. I had three accounts with the Wells Fargo Bank during the time listed on the case information, in which I had four different cell phone numbers that they had called and harassed me on. I have evidence, witnesses, and documentation to prove this fact.

    I feel that it is necessary to represent myself on this matter, concurrent to the proceedings given by Franklin's attorney's not only to save the court's time but also the court's resources. I object to the settlement amount the Law office is offering because of the extra and overwhelming amount of abuse I received compared to other class members.

    If there is a double jeopardy standard in which I cannot later take Wells Fargo Bank to court myself at a later time, nor if I cannot have a separate settlement concurrent to the already scheduled trial, then I would like to participate and be included in the class action. I believe I will be a valuable witness to this hearing but I believe I am owed much more than the normal individual who was just contacted a few times by the bank.

    If at all possible I would appreciate a response to this letter informing me on how we can proceed and which action I am able to take.

Thank you for your time,

*Crystal J Bowen-Poore*
Crystal Bowen-Poore

(619)444-8040

1035 Vista Grande Rd.

El Cajon, CA 92019

## Legal Notice

**Franklin v. Wells Fargo Bank N.A.**

Case No. 14-cv-2349-MMA-BGS

**If You Received a Cellphone call from Wells Fargo Using An Automatic Telephone Dialing System Between November 1, 2009 through September 17, 2014.**

**Your rights could be affected by a class action settlement.**

A settlement has been proposed in the lawsuit named above, which is pending in the United States District Court for the Southern District of California ("Court").

**Who Is Included?**

You are included in the Settlement as a "Class Member" if (1) you live in the United States and (2) you received one or more calls to your cellular telephone from Wells Fargo Bank, N.A. in connection with collection of a credit card debt from November 1, 2009 through September 17, 2014.

---

Franklin v. Wells Fargo Bank, N.A.
c/o ILYM Group, Inc.
P.O. Box 57086
Irvine, CA 92619

PRESORTE
FIRST-CLASS
U.S. POSTA(
**PAID**
SANTA ANA,
PERMIT NO. 1

Postal Service: Please do not mark Barcode



WFF1018168
Crystal I Bowen-poore
1035 Vista Grande Rd
El Cajon, CA 92019-3536

---

**What Is The Case About?** The lawsuit claims that Wells Fargo Bank, N.A., ("Defendant" or "Wells Fargo"), violated a law called the Telephone Consumer Protection Act by calling cellphones without prior express consent using an automated telephone dialer during the Class Period November 1, 2009 to September 17, 2014 in an effort to collect on a consumer credit card account. Wells Fargo denies that it broke the law and denies doing anything wrong.

**Summary of the Settlement:** Under the Settlement, which must be approved by the Court, Wells Fargo has agreed to pay $13,859,103.80. After paying $5,000.00 in total incentive awards to the class representative, if approved by the Court, certain administrative expenses of $2,987,795.18, and attorneys' fees that the Court will be asked to approve (Class Counsel will seek attorneys' fees of no more than 25% of the $13,859,103.80 Settlement amount, or $3,464,775.95), and after paying the court-approved costs of litigating this lawsuit, no more than $15,000.00, the remainder of the Settlement Fund will be divided equally among Class Members who file approved claims. The details of the Settlement terms can be found at www.FranklinWellsfargoTCPA.com or by calling 1-844-744-8424.

**Can I Get Money from the Settlement?** Yes, if you are a Class Member and do not request exclusion, you will be entitled to a portion of the Settlement Fund. How much each Class Member receives will depend on how many people make claims that are approved.

**How Do I Make A Settlement Claim?** You can make a claim by either: 1) calling 1-800-380-6403; 2) by making a claim online at www.FranklinWellsfargoTCPA.com or 3) by mailing a completed Claim Form downloaded from the Settlement website to the address of the Settlement Administrator The ILYM Group shown below. To make a claim, you will be required to provide 1) your name; 2) your current address for mailing a check; 3) the Claim ID number on this postcard, if you were mailed a postcard; and 4) if you were part of a group of class members not identifiable from Wells Fargo's records and therefore did not receive a postcard, your cell phone number to confirm you are a class member.

**Do I Have a Lawyer?** Yes. The Court has appointed the following lawyers to represent Class Members. Joshua Swigart, Hyde & Swigart, 2221 Camino Del Rio South, Suite 101, San Diego, California 92108, Douglas J. Campion, Law Offices of Douglas J. Campion, APC, 17150 Via Del Campo, Suite 100, San Diego, California 92127 and Abbas Kazerounian, the Kazerouni Law Group, APC, 245 Fischer Avenue, Unit D1 Costa Mesa, CA 92626. The lawyers will be paid from the Settlement Fund.

**What Should I Do?** You should get more information about the Settlement to make a decision about what you should do. Basically, as a Class Member, you have three options: (1) You can submit a Claim to the Settlement Administrator to request a share of the Settlement Fund by June 9, 2015. If the settlement is approved, you will be bound by the Court's decisions in the lawsuit. You will not have the right to sue separately about the issues in the lawsuit.(2) You can remain a Class Member but object to the Settlement. To do so you must send a letter (not an email) identifying yourself as a Class Member and explaining why you object. Your objection must be sent to Class Counsel, defense counsel and the Court and be postmarked no later than June 19, 2015. You may choose to pay for and be represented by a lawyer who may send the objection for you. See the website for additional requirements if you intend to appear at the hearing. (3) You can exclude yourself from the Settlement, and be able to sue Wells Fargo about the issues in the lawsuit, by mailing a request form to the Settlement Administrator (not the Court). You must state in writing your name, address and telephone number and state that you want to be excluded from the settlement. That request must be postmarked no later than June 19, 2015.

**Scheduled Hearing:** The U.S. District Court, Southern District of California, located at 221 West Broadway, San Diego, CA 92101, will conduct a hearing on whether to give final approval to the Settlement, and if so, will determine what fees and expenses should be awarded to Class Counsel and whether $5,000 in total incentive payments should be awarded to the Class Representative that brought this action. The hearing is presently scheduled for July 20, 2015, but may be changed without notice. Any Settlement Class Member may appear at this hearing with or without an attorney.

**For more information, contact the Settlement Administrator:** Visit: www.FranklinWellsfargoTCPA.com Call: 1-844-744-8424 Or Write: Wells Fargo Cellphone Settlement, c/o ILYM Group, P.O. Box 57086, Irvine, CA 92619. **Para ver este aviso en español, visite *www.FranklinWellsfargoTCPA.com***

CRYSTAL BOWEN-POORE
1035 VISTA GRANDE RD
EL CAJON, CA 92019

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA
221 WEST BROADWAY
SAN DIEGO, CA 92101

U.S. POSTAGE PAID
EL CAJON, CA
JUN 19, 15
AMOUNT
$3.94
00113388-20

1000
92101

CERTIFIED MAIL

7014 2120 0000 0176 0513

92101385872

JUN 2 2 2015
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
RECEIVED