STEVE A. MILLER (CA Bar No. 171815)
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com

JOHN C. KRESS (53396MO)
The Kress Law Firm, LLC
P.O. Box 6525
St. Louis, MO 63125
Ph.#: (314) 631-3883
Fax: (314) 332-1534
Email: jckress@thekresslawfirm.com

JONATHAN E. FORTMAN (40319MO)
Law Office of Jonathan E. Fortman, LLC
250 St. Catherine Street
Florissant, Missouri 63031
Ph# (314) 522-2312
Fax: (314) 524-1519
Email: jef@fortmanlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LILLIAN FRANKLIN, individually and on behalf of all others similarly situated, ) ) ) ) | Case No. 14cv2349-MMA (BGS) |
| Plaintiff, ) ) ) | **OBJECTIONS TO PROPOSED SETTLEMENT AND ATTORNEYS' FEES BY CLASS MEMBER CHARMAIN T. SCHUH** |
| v. ) ) ) | |
| WELLS FARGO BANK, N.A., ) ) | |
| Defendant. ) | |

COMES NOW Charmain T. Schuh, a member of the settlement class (redacted postcard notice attached hereto), from the State of Colorado, and with her legal address and phone number maintained by her attorneys of record, pursuant to this Court's

Page 1 of 11

redaction rules[1], and states the following as her Objections to the Proposed Settlement:

**INTRODUCTION**

In this TCPA case, the Plaintiff's attorneys boldly state that "Class counsel submit that the Settlement represents an excellent result for Class members." (Memo. Support Attorneys' Fees, Doc 20-1, p.10)  However, a review of the settlement shows that the class members numbering approximately 4,279,470 (Stlmt Agrmt, p. 4, par. 2.20) receive a paltry few dollars, probably enough to buy lunch at a fast food chain drive through, after class counsel walk away without actually litigating any of the claims in this case.  In exchange for such watered-down relief for the class, or what will otherwise amount to value meal at a drive through of their choosing, the attorneys in this case representing the Plaintiff "respectfully seek approval of the payment of $3,464,775.95 for attorneys' fees" (Doc 20-1, p. 10).  Class Counsel attempt to boot strap their unsuccessful litigation efforts in a litany of other cases, disguised after the fact as a "comprehensive litigation strategy", that is supposed to impress upon this Court further justification for the windfall of attorneys' fees ("Counsel achieved the current settlement through their work in five separate TCPA class actions . . .") (Doc 20-1, p. 11).   This proposed settlement comes through the courthouse doors shortly after the suit was filed on October 3, 2014 with settlement discussions occurring within days thereafter (Doc 20-1, p. 15).  Class Counsel wants this Court to accept that the unsuccessful litigation efforts in the previous 5 cases justify this windfall of attorney's fees.  This is not well taken, and should be denied in its entirety.

---

[1] Class member does not wish to publicly disclose her street address and telephone number.  Counsel for Ms. Schuh is in possession of such information.

It is a fundamental principle that "appellate review of a settlement agreement is generally extremely limited", but where class counsel has negotiated a settlement before certification has occurred requires that courts "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interest and that of certain class members to infect the negotiations". *Dennis v. Kellogg Co*, 697 F.3d 858, 864 (9th Cir. Sept. 4, 2012, citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).* Therefore, in order to approve a settlement "requires a higher standard of fairness" along with "a more probing inquiry than may normally be required under Rule 23(e)." *Kellogg Co.*, 697 F.3rd at 864. Surviving appellate review under these circumstances requires that "the district court must show it has explored comprehensively all factors" and must give a "reasoned response" to all non-frivolous objections. *Id.*   It is under this framework that this Court must review the proposed settlement.

   **I.  The proposed settlement is unfair and unreasonable as Class Counsel seek to calculate their attorney's fees based upon the administrative costs of providing notice to the class and administering the claims process, a prohibited practice.**

Class counsel touts the legal proposition that in common fund cases "the monetary amount of the victory is often the true measure of counsel's success."( Doc 20-1, p. 20) (*Swedish Hosp. Corp. v. Shalala, 1 F.3d 1261, 1269 (D.C. Cir. 1993*).  That does not include the costs of notice.  Class Counsels' fees should be assessed "in terms of the amount of the benefit conferred on the class". (Doc 20-1, p. 20).  Here again, notice to the class is not a "benefit". Recent jurisprudence does not permit the addition of costs to the common fund before calculation of the percentage. *Redman v. Radioshack Corp., 768*

*F.3d 622, 630 (7th Cir. 2014)*.  As such, this Court at minimum should calculate a percentage of the fund that subtracts $2,987,795.18 from the common fund before calculating an attorneys' fee (Doc 20-1, p. 33.).

The Common Fund exception "entitles a plaintiff to a fee award only if he has created, discovered, increased or preserved a fund to which others also have a claim." <u>B.P. North America Trading, Inc. v. Vessell Panamax Nova</u>, *784 F.2d 975, 977 (9th Cir., 1986)*.  Here, the amount of funds payable for notice to the class and claims administration is not an amount "to which others also have a claim" under <u>B.P. North America Trading, Inc.</u>  Therefore, this Court should, at minimum, calculate any fee award only after subtracting the roughly $3 million that is earmarked for notice and claims administration.  It is a fundamental concept in class action jurisprudence that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." <u>Wininger v. Si Management L.P.</u>, *301 F.3d 115, 1120 (9th Cir., 2002)*.  This fund was not created to pay a 3rd party to administer claims.  Therefore, inclusion of such amounts to calculate attorneys' fees is improper, as a matter of law in the 9th Circuit.

**II.   The proposed settlement is unfair and unreasonable as Class Counsel seeks to recover attorney's fees for an alleged benefit to class members that provides them with a recovery that is merely pennies on the dollar.**

While Class Counsel rightfully refuses to seek reimbursement for their expenses in the previous five abandoned lawsuits that unsuccessfully waged litigation against the Defendant, they do seek attorneys' fees (Doc 20-1, p. 33).  This might not be so glaringly offensive, except the class members here are not receiving any recovery that is worth the time of submitting a claim form.  The parties own settlement documents reveal that the

recovery is unlikely to exceed anything more than a few dollars per person- not per violation.  Just how small is the recovery for each class member?  Well, the parties settlement agreement makes a point that "if the number of class members is discovered to be higher" than 4,279,470 people, then the Defendant will pay an additional $3.40 for each class member (Stlmt Agrmt, p. 4, par. 2.20).  Obviously, with over 4 million people, and roughly 8 million dollars to work with, it appears that claims will likely fall within a few dollars, or maybe $10 per claim.  That amount is substantially lower than the minimum statutory damage of $500 per TCPA violation.

The only firm settlement term is the amount of the attorneys' fees taken away from this case.  The class members "will be eligible for a cash payment, the amount of which is dependent upon the number of Approved Claims." (Stlmt Agrmt, p. 7, par. 5.01).  Claims are paid on a pro rata basis-that's the only thing certain for the class (Stlmt Agrmt, p. 8, par. 5.02).  In accordance with the recommendations of the Pocket Guide for Federal Judges, it warns judges to be vigilant regarding Class Counsel who seek fees for what is nothing more than settlement of the case at hand, evidencing collusion or a "Reverse Auction" among the parties:

> A typical element of a reverse auction is a promise to pay attorneys more than a reasonable value for the time they invested in negotiating the settlement. Generally, the overpayment of the attorneys originates in an underpayment of what the class should receive based on an objective assessment of the merits of the class claims. (Pocket Guide, p. 21).

*Managing Class Action Litigation: A Pocket Guide for Judges, p. 21, 2010 3rd ed. (downloadable from the internet at http://www.uscourts.gov).*  The Pocket Guide cautions the judiciary to be wary of settlement where there is an "underpayment" of what the class

should receive.  Here, the only certain fact is that class counsel is seeking twenty five percent (25%) of the Settlement Fund.  Class Counsel in question has filed a case that was negotiated and settled- never litigated, and the existence of an untold number of calls violating the TCPA appears to have gone unnoticed by the Plaintiff's in their quest to obtain the attorneys' fees.

### III.     The settlement is unfair to Class Members as the parties have agreed to a "clear sailing provision" concerning the amount of attorney's fees that are to be awarded to Class Counsel.

Despite such obvious deficit in justification of the fees sought by Class Counsel by such Motion, the Defendants have agreed that they "will not object to any request by Class Counsel for attorneys' fees in an amount not exceeding 25% (twenty-five percent) of the Settlement Fund" (Stlmt Agrmt, p. 8, par. 6.01) This is nothing more than a clear sailing provision. <u>In re Bluetooth</u>, 654 F.3d 935, 946-947 (9th Cir., 2011) ("A clear sailing arrangement providing for the payment of attorneys' fees separate and apart from class funds . . . carries the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class") accord, <u>Staton v. Boeing Co.</u>, 327 F.3d 938, 960 (9th Cir., 2003).

No minimum on the amount of recovery for the class members is contemplated by the parties.  Not even a range was discussed or attempted.  But here, the attorneys purporting to represent the interests of the class are to receive a blank check from the Defendant up to 25% of the value of the settlement fund.  Under current jurisprudence in the 9th Circuit, this court should reject the settlement, as it appears on its very face that the attorneys' involved are receiving large bags of money in exchange for allowing watered-down relief to be sprinkled upon the class members from a lawsuit that was filed

and never litigated.

A clear sailing agreement exists where the party paying the fee agrees not to contest the amount to be awarded as long as it falls beneath a negotiated ceiling. *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1077, 1077 n.29 (C.D. Cal. 2010). The presence of a clear sailing provision heightens the district court's duty to closely scrutinize the relationship between attorneys' fees and benefit to the class, being careful to not award unreasonably high fees. *See* In re Bluetooth, 654 F.3d at 948 *(citation omitted).* Clear sailing provisions are disfavored, although not entirely prohibited. *See id.* at 949; *Hartless v. Clorox Corp.*, 273 F.R.D. 630, 645 n.6 (S.D. Cal. 2011).

Given the paltry recovery extended to the class members in this case, the clear sailing provision is strongly indicative of a sell out of the class interest in exchange for a payday.

**IV.     The Settlement is neither fair nor reasonable, in that the parties cannot divert class member recovery to cy pres beneficiaries while existing class members receive nothing, and/or diminished recovery.**

Cy pres recovery is not discussed on the website under "FAQs". It's not discussed in Class Counsels' Memorandum in Support of Attorneys' Fees. But it is contemplated in the Settlement Agreement signed by the parties. Essentially, if the class members don't cash their checks within 210 days after the last settlement check was distributed, the stale check proceeds are paid to "one or more cy pres recipients which are agreed upon by the Parties and approved by the Court." (Stlmt Agrmt, p. 12, par. 8.05(f)). Any leftover settlement funds that are not paid to class members after the last check is cashed are paid over to cy pres beneficiaries.

The 9th Circuit will "review a district court's approval of a proposed class action settlement, including a proposed cy pres settlement distribution, for abuse of discretion." *Dennis v. Kellogg Co*, 697 F.3d 858, 864 (9th Cir. Sept. 4, 2012) *citing Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011). A trial court abuses its discretion "when it fails to apply the correct legal standard or basis its decision on unreasonable findings of fact." *Id.*

Cy pres is antiquated language for the timeless equitable doctrine "cy pres comme possible", or French for "as near as possible." *Id. at 865.* Historically developed in the area of estates and trusts, as a means of effectuating a testator's intent in making charitable gifts, it has appeared frequently in our federal courts "where the proof of individual claims would be burdensome or distribution of damages costly." *Kellogg Co., 697 F.3rd at 865; Nachshin, 663 F.3d at 1038.*

This Court is aware that "not just any worthy recipient can qualify as an appropriate cy pres beneficiary." *Id.* The 9th Circuit requires that "there be a driving nexus between the plaintiff class and cy pres beneficiaries" *Kellogg Co., 697 F.3rd at 865; Nachshin, 663 F.3d at 1038.* A cy pres award must be "guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members," and must not benefit a group "too remote from the plaintiff class," *Kellogg Co., 697 F.3rd at 865 Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1308 (9th Cir., 1990).*

What do the Plaintiffs have to say about this mandate? Do they pass this rigorous test? Here, the parties are silent on what entities will receive this "gift" of the class members' recovery. This Court cannot approve a settlement that has undisclosed cy pres

beneficiaries and undisclosed amounts of class member funds subject to cy pres dispersal. Without demonstrating to this Court that the cy pres proposed meets this Court's requirements under the test promulgated in <u>Kellogg Co</u>, the settlement must be denied. <u>Kellogg Co.</u>, *697 F.3d at 868* ("We do not have the authority to strike down only the cy pres portions of the settlement. It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness and we cannot delete, modify or substitute certain provisions."). The parties' failure to identify the cy pres beneficiaries leaves this Court with no choice but to deny the proposed settlement outright.

However, if this Court approves the settlement in face of standing precedent, Objector reserves the right to supplement this section once Class Counsel discloses to the class members and this Court who the cy pres recipients are, and the amount of the cy pres donation.

## CONCLUSION

WHEREFORE, Objector prays that this Court enter the following relief:

1) Prohibit Class Counsel from calculating a percentage of attorneys' fees that includes the sums paid for dissemination of notice, filing and tracking of claims;

2) Deny Class Counsels' motion for attorneys' fees based upon the failure of class counsel to obtain a result that is beneficial to the class, which is over and above a few dollars per claimant;

3) Deny Class Counsels' motion for attorneys fees based upon a percentage of the fund until such time as this Court review the actual claims rate and amount paid to claimants, and calculate a reasonable attorney fee that reflects the work

undertaken in this case, and not the other five cases that were abandoned and/or dismissed by class counsel;

4) Deny the proposed settlement due to the inclusion of a cy pres provision for disbursement of the class recovery to unnamed cy pres beneficiaries;

5) Enter an Order that if such proposed settlement is approved, then Objector has the right to file additional memoranda with this Court and have a hearing on the appropriateness of disbursing any class funds to cy pres recipients;

6) And any other relief this Court finds necessary to promote justice and fairness to the class members in this matter.

 /s/ Steve A. Miller
STEVE A. MILLER (CA Bar No. 171815)
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com

JOHN C. KRESS (53396MO)
The Kress Law Firm, LLC
P.O. Box 6525
St. Louis, MO  63125
Ph.#:  (314) 631-3883
Fax:  (314) 332-1534
Email:  jckress@thekresslawfirm.com

JONATHAN E. FORTMAN (40319MO)
Law Office of Jonathan E. Fortman, LLC
250 St. Catherine Street
Florissant, Missouri  63031
Ph# (314) 522-2312
Fax:  (314) 524-1519
Email:  jef@fortmanlaw.com

## CERTIFICATE OF SERVICE

     I hereby certify that on this 29th day of June, 2015 this document and its exhibits were served upon all parties via the Court's ECF filing system.


                                _____/s/ Steve A. Miller_____
                                Steve A. Miller

I consent to the filing of the attached Objection on my behalf.

*[signature]*

## Legal Notice

Franklin v. Wells Fargo Bank N.A.

Case No. 14-cv-2349-MMA-BGS

**If You Received a Cellphone call from Wells Fargo Using An Automatic Telephone Dialing System Between November 1, 2009 through September 17, 2014.**

Your rights could be affected by a class action settlement.

A settlement has been proposed in the lawsuit named above, which is pending in the United States District Court for the Southern District of California ("Court").

**Who Is Included?**

You are included in the Settlement as a "Class Member" if (1) you live in the United States and (2) you received one or more calls to your cellular telephone from Wells Fargo Bank, N.A. in connection with collection of a credit card debt from November 1, 2009 through September 17, 2014.

---

Franklin v. Wells Fargo Bank, N.A.
c/o ILYM Group, Inc.
P.O. Box 57086
Irvine, CA 92619

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
**PAID**
SANTA ANA, CA
PERMIT NO. 1882

Postal Service: Please do not mark Barcode



WFF4546461
Charmain T Schuh
         Cir
         CO 80026-1011

---

**What Is The Case About?** The lawsuit claims that Wells Fargo Bank, N.A., ("Defendant" or "Wells Fargo"), violated a law called the Telephone Consumer Protection Act by calling cellphones without prior express consent using an automated telephone dialer during the Class Period November 1, 2009 to September 17, 2014 in an effort to collect on a consumer credit card account. Wells Fargo denies that it broke the law and denies doing anything wrong.

**Summary of the Settlement:** Under the Settlement, which must be approved by the Court, Wells Fargo has agreed to pay $13,859,103.80. After paying $5,000.00 in total incentive awards to the class representative, if approved by the Court, certain administrative expenses of $2,987,795.18, and attorneys' fees that the Court will be asked to approve (Class Counsel will seek attorneys' fees of no more than 25% of the $13,859,103.80 Settlement amount, or $3,464,775.95), and after paying the court-approved costs of litigating this lawsuit, no more than $15,000.00, the remainder of the Settlement Fund will be divided equally among Class Members who file approved claims. The details of the Settlement terms can be found at www.FranklinWellsfargoTCPA.com or by calling 1-844-744-8424.

**Can I Get Money from the Settlement?** Yes, if you are a Class Member and do not request exclusion, you will be entitled to a portion of the Settlement Fund. How much each Class Member receives will depend on how many people make claims that are approved.

**How Do I Make A Settlement Claim?** You can make a claim by either: 1) calling 1-800-380-6403; 2) by making a claim online at www.FranklinWellsfargoTCPA.com or 3) by mailing a completed Claim Form downloaded from the Settlement website to the address of the Settlement Administrator The ILYM Group shown below. To make a claim, you will be required to provide 1) your name; 2) your current address for mailing a check; 3) the Claim ID number on this postcard, if you were mailed a postcard; and 4) if you were part of a group of class members not identifiable from Wells Fargo's records and therefore did not receive a postcard, your cell phone number to confirm you are a class member.

**Do I Have a Lawyer?** Yes. The Court has appointed the following lawyers to represent Class Members. Joshua Swigart, Hyde & Swigart, 2221 Camino Del Rio South, Suite 101, San Diego, California 92108, Douglas J. Campion, Law Offices of Douglas J. Campion, APC, 17150 Via Del Campo, Suite 100, San Diego, California 92127 and Abbas Kazerounian, the Kazerouni Law Group, APC, 245 Fischer Avenue, Unit D1 Costa Mesa, CA 92626. The lawyers will be paid from the Settlement Fund.

**What Should I Do?** You should get more information about the Settlement to make a decision about what you should do. Basically, as a Class Member, you have three options: (1) You can submit a Claim to the Settlement Administrator to request a share of the Settlement Fund by June 9, 2015. If the settlement is approved, you will be bound by the Court's decisions in the lawsuit. You will not have the right to sue separately about the issues in the lawsuit.(2) You can remain a Class Member but object to the Settlement. To do so you must send a letter (not an email) identifying yourself as a Class Member and explaining why you object. Your objection must be sent to Class Counsel, defense counsel and the Court and be postmarked no later than June 19, 2015. You may choose to pay for and be represented by a lawyer who may send the objection for you. See the website for additional requirements if you intend to appear at the hearing. (3) You can exclude yourself from the Settlement, and be able to sue Wells Fargo about the issues in the lawsuit, by mailing a request form to the Settlement Administrator (not the Court). You must state in writing your name, address and telephone number and state that you want to be excluded from the settlement. That request must be postmarked no later than June 19, 2015.

**Scheduled Hearing:** The U.S. District Court, Southern District of California, located at 221 West Broadway, San Diego, CA 92101, will conduct a hearing on whether to give final approval to the Settlement, and if so, will determine what fees and expenses should be awarded to Class Counsel and whether $5,000 in total incentive payments should be awarded to the Class Representative that brought this action. The hearing is presently scheduled for July 20, 2015, but may be changed without notice. Any Settlement Class Member may appear at this hearing with or without an attorney.

**For more information, contact the Settlement Administrator:** Visit: www.FranklinWellsfargoTCPA.com Call: 1-844-744-8424 Or Write: Wells Fargo Cellphone Settlement, c/o ILYM Group, P.O. Box 57086, Irvine, CA 92619. Para ver este aviso en español, visite www.FranklinWellsfargoTCPA.com