**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino del Rio South, Suite 101
San Diego, CA 92108
Telephone (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Lillian Franklin

**LAW OFFICES OF DOUGLAS J.
CAMPION, APC**
Douglas J. Campion, Esq. (75381)
doug@djcampion.com
17150 Via Del Campo, Suite 100
San Diego, CA 92127
Telephone: (619) 299-2001
Facsimile: (619) 858-0034

**KAZEROUNI LAW GROUP, APC**
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**LILLIAN FRANKLIN,
INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS
SIMILARLY SITUATED,**

Plaintiff,

v.

**WELLS FARGO BANK, N.A.,**

Defendant.

**Case No.:** 14-cv-2349 MMA (BGS)

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PLAINTIFF'S UNOPPOSED
MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

**DATE:**          August 3, 2015
**TIME:**          2:30 p.m.
**COURTROOM:** 3A

**HON. MICHAEL M. ANELLO**

# TABLE OF CONTENTS

**PAGE**

I.  INTRODUCTION ..................................................................................1

II.  PROCEDURAL BACKGROUND ....................................................2

   A. PLAINTIFF'S ALLEGATIONS ........................................................2

   B. MEDIATION AND SETTLEMENT NEGOTIATIONS ...........................3

   C. PRELIMINARY APPROVAL AND CONDITIONAL CERTIFICATION ..................4

   D. CAFA NOTICE ........................................................................5

   E. CLASS NOTICE DISSEMINATION ................................................5

   F. RESPONSE TO CLASS NOTICE ....................................................6

III.  LEGAL ARGUMENT ......................................................................6

   A. THE CLASS ACTION SETTLEMENT APPROVAL PROCESS .............6

   B. THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE ........7

   1. The Strength of Plaintiff's Case and the Risks, Expenses, Complexity and Likely Duration of Further Litigation ............................................8

      a. *Challenges to the claims on their merits* ..................................8

      b. *The risk of maintaining class action status throughout trial* ......9

   2. The Amount Offered in Settlement ................................................10

      a. *Size of the Settlement Fund* ....................................................10

      b. *What a likely recovery per claim would be* ..............................10

   3. The Extent of Discovery Completed ..............................................11

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.  The Experience and Views of Counsel ...............................................11

5.  The Reaction of Class Members .......................................................12

6.  The Presence of Good Faith, Absence of Collusion, and the Approval of a Third-Party Mediator Support Final Approval of the Class Settlement ...........................................................................................12

IV.   CONCLUSION .........................................................................................14

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2

# TABLE OF AUTHORITIES

CASES                                                              PAGE(S)

3
4

*Bert v. AK Steel Corp.*,
     2008 WL 4693747 ...................................................................10

5
6

*Boyd v. Bechtel Corp.*,
     485 F. Supp. 610 (N.D. Cal. 1997)..........................................9

7
8

*Class Plaintiff v. City of Seattle*,
     955 F.2d 1268 (9th Cir. 1992) ...................................................5

9
10

*Dennis v. Kellogg Co.*,
     2010 WL 4285011) .................................................................10

11
12

*Fulford v. Logitech, Inc.*,
     2010 U.S. Dist. LEXIS 29042 (N.D. Cal. 2010) .........................8

13
14

*Garner v. State Farm Mut, Inc.*,
     2010 WL 1687832 (N.D. Cal. 2010) .........................................6

15
16

*Hanlon v. Chrysler Corp.*,
     150 F.3d 1011 (9th Cir. 1998) ...................................................6

17
18

*In re Bluetooth Headset Prods. Liab. Litig.*,
     654 F.3d 935 (9th Cir. 2011) .................................................10

19
20

*In re Omnivision Technologies, Inc.*,
     559 F. Supp. 1036 (N.D. Cal. 2007).........................................9

21
22

*Knight v. Red Door Salons, Inc.*,
     2009 WL 248367 (N.D. Cal. 2009) ..........................................6

23
24

*Larson v. Sprint Nextel Corp.*,
     2010 WL 239934 .................................................................10

25
26

*Linney v. Cellular Alaska P'ship*,
     1997 U.S. Dist. LEXIS 24300 (N.D. Cal. 1997) .........................9

27
28

*Milliron v. T-Mobile USA, Inc.*,
     2009 WL 3345762 ...............................................................10

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Offices for Justice v. Civil Serv. Comm'n,*
    688 F.2d 615 (9th Cir. 1982) ........................................................................6

*Pelletz v. Weyerhaeuser Co.,*
    255 F.R.D. 537 (2009)..............................................................................6

*Sandoval v. Tharaldson Emp. Mgmt., Inc.,*
    2010 WL 2486346 (C.D. Cal. 2010) .................................................10

*Vasquez v. Coast Valley Roofing, Inc.,*
    266 F.R.D. 482 (E.D. Cal. 2010) .................................................7

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# I.  INTRODUCTION

Plaintiff LILLIAN FRANKLIN ("Plaintiff") submits this Memorandum in Support of Final Approval of the Parties' Class Action Settlement.  As discussed in Plaintiff's Motion for Preliminary Approval, the Parties' Settlement Agreement resolves all Telephone Consumer Protection Act ("TCPA") claims in this matter against Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") arising from calls relating to credit card collections that occurred between November 1, 2009 and September 17, 2014.  [*See* ECF No. 11, Order Certifying Provisional Settlement Class.  Preliminary Approving Class Action Settlement ("Preliminary Approval Order")].

The reaction of the Class and the result obtained establishes this settlement clearly deserves final approval.  Assuming the Court awards the amount of attorneys' fees requested, and after deducting the cost of notice and claims administration and incentive payment, each approved claimant will receive $71.16 in the form of a cash payment, based on the approved claims filed during the lengthy 90 day claims period.  [*See* Declaration of Lisa M. Mullins filed concurrently herewith].  That is an excellent result for the Class.

Furthermore, notice has been given to the 4,076,207 persons in Class.  Out of the many millions of consumers that received said notice, only 68 persons have requested exclusion from the Class.  [*Id.*].  However, only 59 of these exclusion requests were deemed valid since the other nine consumers did not appear on the Class List.  [*Id.*].  In addition, there have been only nine objections filed, most of which have been withdrawn prior to filing this motion. That is a miniscule amount, based on the millions of consumers in the Class.   These factors also support final approval.

Plaintiff brought this action on behalf of herself and all others similarly situated that received one or more telephone calls on their cellular telephones that were placed on behalf of Wells Fargo through the use of an automatic telephone

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

dialing system ("ATDS") and/or prerecorded voice without the called party's consent. [Preliminary Approval Order, page 2]. As described in Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Defendant shall establish a non-reversionary cash settlement fund of $13,859,103.80. [*See* Joint Motion To Correct/Amend the Motion for Preliminary Approval, 2:15-17, ECF No. 12]. The Parties were able to resolve this action at a fairly early date because of extensive previous litigation over the same claims against this Defendant in several prior and concurrent actions. The settlement was followed by confirmatory discovery to confirm the exact number of Class Members as represented in mediation. [*See* Plaintiff's Motion for Preliminary Approval, 1:12-20]. As a result of litigating the claims herein, and litigating the other Wells Fargo credit card TCPA litigation, Plaintiff has determined that the settlement is fair, reasonable and adequate.

With this Motion, Plaintiff now seeks final approval of the Parties' Class Action Settlement. No facts have arisen that would call into question the Class Action Settlement being fair, adequate and reasonable. [ECF No. 11]. As discussed in detail below, the proposed Settlement satisfies all criteria for settlement approval under Ninth Circuit authority.

## II.    PROCEDURAL BACKGROUND

The Parties' settlement is the culmination of multiple class actions that have been previously litigated against Defendant. After years of tenacious litigation with Wells Fargo in a number of cases over alleged TCPA violations involving calls to credit cardholders, as explained below, the Parties were finally able to reach this substantial settlement with the assistance of several in-person and telephonic mediation sessions with the Honorable Irma E. Gonzalez (Ret.). [*See* Plaintiff's Motion for Preliminary Approval, 1:112-17].

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**A. PROCEEDINGS TO DATE**

Since 2012, Counsel have engaged in a comprehensive litigation strategy to pursue class action TCPA claims against Wells Fargo. Counsel, including Class Counsel, achieved the current settlement through work in five separate TCPA class actions brought against Defendant, all seeking compensation only for TCPA violations involving collection of Wells Fargo's credit card accounts. Specifically, said matters are:

1. *Masters v. Wells Fargo Bank, N.A.*, Case No.: 1:12-cv-00376-SS (W.D. Texas);

2. *Heinrichs v. Wells Fargo Bank N.A.*, Case No.: 3:13-cv-05434 (N.D. Cal);

3. *Martin v. Wells Fargo Bank, N.A.*, Case No. 3:12-cv-06030-SI (N.D. Cal);

4. *Shehan v. Wells Fargo Bank, N.A.*, Case No.: 1:14-cv-00900-JHE (N.D. Alabama); and,

5. *Franklin v. Wells Fargo Bank N.A.*, Case No.: 14-cv-2349 (S.D. Cal), the current action.

On October 3, 2014, Plaintiff Lillian Franklin initiated this action against Defendant in the United States District Court, Southern District of California. [Plaintiff's Complaint, ECF No. 1 ("Complaint")].  The Complaint alleged that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by placing telephone calls to consumer's cellular telephones utilizing an ATDS and/or prerecorded voice message without said consumer's prior express consent. On January 8, 2015, Defendant filed an Answer to Plaintiff's Complaint.  [Defendant's Answer, ECF No. 9 ("Answer")].

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**B. MEDIATION AND SETTLEMENT NEGOTIATIONS**

Prior to attending formal mediation sessions with Judge Gonzalez, the Parties engaged in informal settlement discussions to further establish and justify the Parties' respective positions. [Kazerounian Decl., ¶ 5; Swigart Decl., ¶ 5; and, Campion Decl., ¶ 5]. Said discussions included examination of the legal landscape regarding the TCPA and the settlements reached in those cases. [*Id*.]. In addition, the Parties also discussed the policies and procedures instituted by Defendant in order to avoid such violations. [*Id*.]. After thorough investigation and settlement discussions between Counsel, the Parties determined that mediation might assist the Parties in resolving this matter. [Kazerounian Decl., ¶ 26; Swigart Decl., ¶ 26; and, Campion Decl., ¶ 26]. To that end, the Parties utilized the Honorable Irma E. Gonzalez (Ret.) of JAMS. [*Id*.]. As a result of an all-day mediation session with Judge Gonzalez on October 13, 2014, followed by several telephonic sessions, the Parties were able to reach an agreement. [*Id*.]. Only after the Parties agreed on the material terms of the settlement did the Parties discuss payment of attorneys' fees, costs and Plaintiff's incentive award. [*Id*.]. The Parties then continued negotiations about the details of the settlement for several months and were eventually able to agree on the remaining terms of the settlement. [*Id*.].

On December 22, 2014, Plaintiff filed a Motion for Preliminary Approval of the current Class Action Settlement. [ECF No. 5]. That Motion was granted on February 9, 2015. [ECF No. 11]. In compliance with this Court's Preliminary Approval Order, Plaintiff filed Plaintiff's Motion for Attorneys' Fees; Costs; and, Incentive Award for Plaintiff. [ECF No. 20].

**C. PRELIMINARY APPROVAL AND CONDITIONAL CERTIFICATION**

On December 22, 2014, Plaintiff filed a Motion for Preliminary Approval of the Class Action Settlement. [ECF No. 5]. That Motion was granted on February 9, 2015. [ECF No. 11] and the Court preliminarily determined that the settlement

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

was fair, reasonable, and adequate. [*Id.* at page 1]. In compliance with this Court's Preliminary Approval Order, Plaintiff filed her Motion for Attorneys' Fees; Costs; and, Incentive Award for Plaintiff. [ECF No. 20]. This Court preliminarily approved the Parties' settlement agreement in which the following settlement class was provisionally certified:

> All cell phone users or subscribers to wireless or cellular service within the United States who used or subscribed to telephone numbers to which Wells Fargo placed any calls from November 1, 2009 to September 17, 2014 using any automated dialing technology or artificial or prerecorded voice technology in an effort to collect on a consumer credit card account.

*See* Preliminary Approval Order, page 2 [ECF No. 11].

Following Preliminary Approval, the claims administrator ILYM has performed its obligations pursuant to the Settlement Agreement. [Kazerounian Decl., ¶ 13; Swigart Decl., ¶ 13; and, Campion Decl., ¶ 13].

### D. CAFA NOTICE

Notice of the proposed settlement pursuant to the Class Action Fairness Act 28 U.S.C. §1715(b) ("CAFA Notice") was accomplished by sending the documents specified by 28 U.S.C. §1715(b)(1)-(8) to the Attorney General of the United States and to the requisite state Attorneys General. [*See* Mullins Decl. filed concurrently herewith].

### E. CLASS NOTICE DISSEMINATION

"Adequate notice is critical to court approval of a class [action] settlement." *Hanlon v Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998); Fed. R. Civ. P. 23(e)(1). ILYM administered the notice process following the Preliminary Approval Order. [Preliminary Approval Order, page 4]. In accordance with the Settlement Agreement and the Preliminary Approval Order, ILYM provided direct mail notice; publication notice to consumers through *USA Today*; a settlement website; Internet banner advertisements; and publication of Web Notice. The various forms of Class Notice provided detailed information

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1  regarding (a) class members' rights, including the manner in which objections and
2  exclusions could be lodged; (b) the case's nature, history and progress; (c) the
3  proposed settlement and reason for the settlement; (d) the settlement's benefits;
4  (e) Class Counsel's requested fees and costs; (f) the Fairness Hearing's date, time
5  and location; and, (g) Class Counsel's contact information. [*Id*.]. The preliminary
6  estimate of the cost of notice and claims administration as provided at Preliminary
7  Approval was $2,987,795.18. [*See* Mullins Declaration in Support of Preliminary
8  Approval providing estimated cost of notice and claims administration]. The final
9  estimate of the cost of providing such notice and claims administration is
10 $2,768,727.56, an amount $219,067.62 less than previously approved by this
11 Court. [Mullins Decl., ¶ 23].

### F. RESPONSE TO CLASS NOTICE

13     Class members contacted ILYM and Class Counsel to discuss the Class
14 Notice, their options and the case status. Out of all the class members that
15 received notice, only eight consumers have objected to the settlement and 68 have
16 requested exclusion. [Kazerounian Decl., ¶¶ 18-19; *see also* Mullins Decl. ¶ 18].
17 As of the date of this filing, the claims period has closed and the settlement
18 administrator's report of approved claims will be filed.

### III.   LEGAL ARGUMENT

20     "In evaluating a class action settlement under Rule 23(e), the district court
21 determines whether the settlement is fundamentally fair, reasonable, and
22 adequate." *In re Syncor ERISA Litig*., 516 F.3d 1095, 1100 (9th Cir.) (citing Fed.
23 R. Civ. P. 23(e). The purpose of this Rule "is to protect the unnamed members of
24 the class from unjust or unfair settlements affecting their rights." *Id*. In evaluating
25 a class action settlement, "a district court has both the duty and the broad authority
26 to exercise control over a class action and to enter appropriate orders governing the
27 counduct of counsel and parties." *Hanlon*, 150 F.3d at 1025 (9th Cir. 1998) quoting
28 *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). Nevertheless, the District Court

does not have the "ability to delete, modify, or substitute certain provisions." *Id*. at 1026. "The settlement must stand or fall in its entirety." *Id*.

## A. THE CLASS ACTION SETTLEMENT APPROVAL PROCESS

Federal Courts strongly favor and encourage settlements, particularly in class actions and other complex matters where the inherent costs, delays and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiff v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting that "strong judicial policy...favors settlements, particularly where complex class action litigation is concerned"); 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11.41 (4th Ed. 2002) (gathering cases). The traditional means for handling claims like those at issue here – individual litigation – would require a massive expenditure of public and private resources and, given the relatively small value of the claims of the proposed individual class members, would be impractical. Thus, the proposed Settlement is the best vehicle for Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

## B. THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE.

Before granting final approval of a class action settlement, a reviewing court must first find the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(A. In evaluating whether a class settlement is "fair, adequate and reasonable," courts generally refer to eight criteria, with differing degrees of emphasis: (1) the likelihood of success by Plaintiff; (2) the amount of discovery or evidence; (3) the settlement terms and conditions; (4) recommendation and experience of counsel; (5) future expense and likely duration of litigation; (6) recommendation of neutral parties, if any; (7) number of objectors and nature of objections; and, (8) the presence of good faith and the absence of collusion. *See* 2 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.43 "General Criteria for Settlement Approval" (3d ed. 1992). *Officers for*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT          PAGE 7 of 14

*Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

"A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair." *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *4 (N.D. Cal. 2009); *Garner v. State Farm Mut. Ins.*, 2010 WL 1687832, at *13 (N.D. Cal. 2010) ("Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable."). This is because "[t]he extent of the discovery conducted to date and the stage of the litigation are both indicators of counsel's familiarity with the case and of Plaintiff having enough information to make informed decisions." *Knight*, 2009 WL 248367, at *4.

In the end, "[s]ettlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998); *see also Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 544 (W.D. Wash 2009) (same). Here, the record before the Court demonstrates that the settlement agreement satisfies the Ninth Circuit's standard and that final approval is warranted. Thus, the Parties request this Court grant the Parties' Motion for Final Approval.

### 1. The Strength of Plaintiff's Case and the Risks, Expenses, Complexity and Likely Duration of Further Litigation

Plaintiff's claims against Defendant have merit and could make a compelling case if Plaintiff's claims were tried. If Plaintiff was to prevail, Defendant could face substantial statutory penalties. Nevertheless, Plaintiff and the Class would face a number of challenges if the litigation were to continue, justifying this compromise settlement.

### a. *Challenges to the claims on their merits*

In Plaintiff's Preliminary Approval Motion, there were a number of potential issues if the case proceeded on the merits. [Preliminary Approval Motion, pages

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

12-13].   Those include various individual issues relating to arbitration, prior express consent, whether the equipment used to place calls meets the statutory requirement necessary to trigger liability, whether a telephone call was placed to a cellular telephone or landline and a potential offset of consumer's claims versus the amount allegedly owed to Defendant might preclude class certification.  [*Id.* at 13:4-21].  Of course, Defendant denies any and all liability related to Plaintiff's Complaint.  While Plaintiff believes that Plaintiff would overcome each of these issues, the risk to the class is substantial.  Thus, Plaintiff believes it is in the best interest of the Class to accept this substantial monetary benefit and seeks final approval of this settlement.

### b. *The risk of maintaining class action status throughout trial.*

The benefits of settlement and a plaintiff's chances of success are typically evaluated together.  *See, e.g. Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (E.D. Cal. 2010) ("An important consideration in judging the reasonableness of a settlement is the strength of the plaintiff's case on the merits balanced against the amount offered in the settlement.").  Through discovery and confirmatory discovery, Plaintiff believes that Plaintiff obtained sufficient information to establish that this Class satisfies the requirements of Fed. R. Civ. P. 23; however, Defendant has focused on the issues addressed above to argue that Plaintiff and the Class Members face numerous risks in moving forward and that class treatment of this matter is inappropriate.

In addition, there is a substantial risk of losing inherent in any jury trial. Even if Plaintiff prevailed at trial, Defendant would almost certainly appeal, threatening a reversal of any favorable outcome.  *See Fulford v. Logitech, Inc.*, 2010 U.S. Dist. LEXIS 29042, at *8 (N.D. Cal. 2010) ("[L]iability and damages issues – and the outcome of any appeals that would likely follow if the Class were successful at trial – present substantial risks and delays for Class Member recovery.").

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Under the Settlement Agreement, the Class Members may avoid each of the described risks and receive substantial cash benefits. "[T]his settlement...guarantees a recovery that is not only substantial, but also certain and immediate, eliminating the risk that class members would be left without any recovery...at all." *Fulford*, 2010 U.S. Dist. LEXIS 29042, at *8. Thus, Plaintiff contends that the substantial risk weighs in favor of granting final approval of this matter.

### 2. The Amount Offered in Settlement

The Settlement requires Defendant to pay $13, 859,103.80 into a settlement fund of out of which eligible Class Members will receive their share of cash payments. This is a non-reversionary fund meaning no amount of this fund will revert back to Defendant.   Given the potential issues described above, this settlement represents an outstanding result for Class Members, particularly because the damages are purely statutory in that Class Members have not suffered any out-of-pocked losses or other economic harm.

Class Counsel estimate that each Class Member will receive $71.16. [Mullins Decl., ¶ 20].   Class Counsel arrived at this number after deducting the notice costs, incentive award to Plaintiff, as well as Plaintiff's attorneys' fees and costs from the Settlement Fund as required in Class Counsel's Motion for Attorneys' Fees; and, Costs.

### a. *Size of the Settlement Fund*

The $13,859,103.80 settlement fund was reached after extensive negotiation through mediation.   It reflected a compromise amount that experienced Class Counsel and their client believed reflected a fair result in light of the burden, risk, and expense both sides faced through continued litigation in light of similar TCPA class action settlements that had received final court approval, which are discussed in more detail below.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### b. *What a likely recovery per claim would be*

As of the date of this filing, the Claims Period has closed and ILYM's report of approve claims has determined that the claim rat is 2.63% of the Class. As stated above, Class Counsel believes that each class member will receive $71.16.

### 3. <u>The Extent of Discovery Completed</u>

The Settlement was reached only after Class Counsel's thorough investigation and analysis of the factual and legal issues involved. As detailed above, Class Counsel spent significant time thoroughly investigating the factual and legal claims involved in this Action, prior to filing this Action. [Kazerounian Decl., ¶ 6; Swigart Decl., ¶ 6; and, Campion Decl., ¶ 6]. In addition, Defendant also provided Plaintiff with informal discovery relating to the proposed Class and the calls made as well as responding to formal confirmatory discovery about the number of class members, including the deposition of Wells Fargo's Person Most Knowledgeable about the class membership and its determination, all to confirm that the settlement was fair, reasonable and adequate. [*Id.*].

### 4. <u>The Experience and Views of Counsel</u>

Class Counsel are particularly experienced in litigating TCPA claims and have a keen understanding of the legal and factual issues involved in this case. [Kazerounian Decl., ¶ 22; Swigart Decl., ¶ 22; and, Campion Decl., ¶ 22]. Based upon this experience, Class Counsel fully endorse this settlement as fair, adequate and reasonable which weighs heavily in favor of the Court approving the settlement. *See In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) (quoting *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) ("The recommendations of Plaintiff's counsel should be given a presumption of reasonableness."); *Linney v. Cellular Alaska P'ship*, 1997 U.S. Dist. LEXIS 24300, at *16 (N.D. Cal. 1997) ("The involvement of experienced

class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair.").

### 5. The Reaction of Class Members

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of the proposed class action settlement are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) (quoting *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004). (3 objections out of 75,630 notices); *Churchill Vill., LLC v. Gen. Elec. Co.,* 361 F.3d 566, 577 (9th Cir. 2004) (approving the district court's finding that this fairness factor weighed in favor of settlement when "only 45 of approximately 90,000 notified class members objected to the settlement"); *Rodriguez v. West Publ'g Corp.,* No. 05-3222, 2007 WL 2827379, at *10 (C.D. Cal. Sept. 10, 2007) (54 objections out of 376,000 class members); *Sommers v. Abraham Lincoln Fed. Sav. & Loan Ass'n,* 79 F.R.D. 571 (E.D. Pa. 1978) (approving settlement where there were 8,000 opt outs out of 188,000).

The response by class members demonstrates widespread approval of the settlement. Out of a class of 4,076,207, persons, there have been 63 opt-outs and only one objector. [Kazerounian Decl., ¶¶ 17-19]. A total of 107,134 class members submitted timely and valid claim form and will receive $71.16 each [*Id.* at ¶ 13.] The small number of opt-outs and the very few objectors show that class members viewed the settlement as fair, reasonable, and adequate.

### 6. The Presence of Good Faith, Absence of Collusion, and the Approval of a Third-Party Mediator Support Final Approval of the Settlement.

In addition to considering the above factors, the Ninth Circuit has indicated that the Court should carefully review the settlement for any signs of collusion or conflicts of interest. *See In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

935, 946 (9th Cir. 2011). *Milliron v. T-Mobile USA, Inc.*, 2009 WL 3345762, at *5 (D.N.J. Sept. 14, 2009) (approving a settlement after a one-day mediation before a retired federal judge and noting that "the participation of an independent mediator in settlement negotiation virtually insures that the negotiations were conducted at arm's length and without collusion between the parties (emphasis added)"); *Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) (approving settlement after a one-day mediation and noting that "the assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive (emphasis added)"; *Larson v. Sprint Nextel Corp.*, 2010 WL 239934, at *11 (D.N.J. Jan. 15, 2010) (same); *Bert v. AK Steel Corp.*, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008); 2 McLaughlin on Class Actions § 6:7 (8th ed) ("A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion (emphasis added)."); and, *Dennis v. Kellogg Co.*, 2010 WL 4285011, at *4 (S.D. Cal. Oct. 14, 2010) (the parties engaged in a "full-day mediation session," thus establishing that the proposed settlement was noncollusive (emphasis added).").

As detailed above, the Settlement is the result of adversarial arm's-length negotiations between attorneys experienced in the litigation, certification, trial and settlement of nationwide class action cases.  In addition, the Honorable Irma E. Gonzalez (Ret.) of JAMS facilitated the final settlement of this action. [Kazerounian Decl., ¶ 8; Swigart Decl., ¶ 8; and Campion Decl., ¶ 8]. Accordingly, no signs of collusion or conflicts of interest are present here.

///

///

///

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**IV.    CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests this Court enter an Order granting final approval of the Settlement.

Dated: July 20, 2015                                      Respectfully submitted,


                                             **KAZEROUNI LAW GROUP, APC**

                                        By:  ____/s/ Abbas Kazerounian____
                                                ABBAS KAZEROUNIAN, ESQ.

                                             **HYDE & SWIGART**

                                        By:  ____/s/ Joshua B. Swigart____
                                                JOSHUA B. SWIGART, ESQ.

                                **LAW OFFICES OF DOUGLAS J. CAMPION, APC**

                                        By:  ____/s/ Douglas J. Campion____
                                                DOUGLAS J. CAMPION, ESQ.
                                ATTORNEYS FOR PLAINTIFF, LILLIAN FRANKLIN