**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
Douglas J. Campion, Esq. (75381)
doug@djcampion.com
17150 Via Del Campo, Suite 100
San Diego, CA 92127
Telephone: (619) 299-2001
Facsimile: (619) 858-0034

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino del Rio South, Suite 101
San Diego, CA 92108
Telephone (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Lillian Franklin

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LILLIAN FRANKLIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>Defendant. | Case No.: 14-cv-2349 MMA (BGS)<br><br>**DECLARATION OF JOSHUA B. SWIGART, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**DATE:** August 3, 2015<br>**TIME:** 2:30 p.m.<br>**COURTROOM:** 3A<br><br>**HON. MICHAEL M. ANELLO** |

///

///

///

**DECLARATION OF JOSHUA B. SWIGART, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

# DECLARATION OF JOSHUA B. SWIGART, ESQ.

I, JOSHUA B. SWIGART, declare:

1. I am one of the attorneys for the Plaintiff LILLIAN FRANKLIN in this action, and named as Class Counsel for the Settlement Class in the Court's Order preliminarily approving the settlement.  [¶ 5, ECF No. 11].  I submit this declaration in support of Plaintiff's Motion for Final Approval of the Class Action Settlement.

2. I am licensed to practice law before this court and all California state courts and all federal courts located in the State of California. If called as a witness, I would competently testify to the matters herein from personal knowledge.

## SUMMARY OF CASE HISTORY AND SETTLEMENT

3. I have been involved in every aspect of this case from inception through the present.  I submit this declaration in support of the Plaintiff's Motion for Final Approval of Class Action Settlement in which Plaintiff seeks to have the Court approve the agreed-upon settlement fund of $13,859,103.80 ("common fund"). This common fund will be used to compensate Class Members and will also be used to pay attorneys' fees, litigation costs to Class Counsel, provide an incentive payment to the named Class Representatives, and recoup the costs of notice and claims administration, collectively the "Settlement Costs".  Class Counsel are seeking, as described in the previously filed Motion for Preliminary Approval and Motion for Fees and Costs, attorneys' fees of 25% of the common fund.  Thus, Class Counsel is seeking $3,464,775.95 as fees and litigation costs.  In addition, Class Counsel also seek to recover a maximum of $2,987,795.18 in notice and claims administration costs for the ILYM Group, Inc. ("ILYM"), the Claims Administrator.  A $1,500 incentive payment is also sought for the Class Representative.  Following the payment of these amounts, each of the 107,134 approved claimants will receive a pro rata distribution of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the remaining Settlement Fund.

4. This matter was brought to the attention of Class Counsel by Plaintiff and the case was initiated in 2014. However, Class Counsel began investigating Defendant's alleged violations at issue in this action in various class actions brought against Defendant in the past.

5. After filing this action, Class Counsel and Defendant engaged in extensive negotiations including an exchange of letters, emails, and telephone conversations that thoroughly analyzed the relevant legal, social, and factual issues at issue, and explored the parties' respective positions on the merits of the action and viability of class certification.

6. Subsequently, both parties exchanged correspondence, including the exchange of relevant information and documents, lists of phone numbers that received the calls to their cell phones, off-site data used during the class period, and argued their respective positions. The Parties engaged in extensive discovery which was also vital to establishing each Party's position.

7. Class Counsel and Defendant exchanged informal discovery, including information pertaining the number of calls made and the number of Class Members, and Class Counsel took a confirmatory deposition of Wells Fargo's Person Most Knowledgeable which satisfactorily confirmed the parameters of the Class, the damages agreed upon, and other information informally exchanged prior to, during and following the mediation process. Class Counsel was able to reaffirm the adequacy, appropriateness, and reasonableness of the settlement. [See Motion for Preliminary Approval, Declaration of Abbas Kazerounian, Ex. 2, Deposition Transcript of Jacob Mou, Dkt. No. 5-10].

8. The Parties filed their Motion for Preliminary Approval of Class Action Settlement on December 22, 2014, and the Court granted preliminary approval in an order dated February 9, 2015.

9. The settlement consists of the following:

**DECLARATION OF JOSHUA B. SWIGART, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**  PAGE 2 OF 7

a. Defendant shall establish a settlement fund as described above. Any of the Class Members that make a timely claim within the time period provided in the notice to Class Members will receive a pro rata distribution of the fund after attorneys' fees; litigation costs; and, notice costs have been deducted from the total Settlement Fund. There have been 107,134 valid and timely claims filed, with an additional 237 late claims filed to date, for which we are seeking Court approval to pay with the timely filed claims. There are presently 124 deficient claims, and they have been advised of the deficiencies, and some may correct them to make them valid claims. If all requested fees and litigation costs, notice and claims administration costs and the incentive payment are paid from the fund, it is anticipated each claimant will receive approximately $71.16 as their pro rata share of the Settlement Fund. An exact number will be provided at the hearing once all claims, including additional late filed claims, are received, and the total number of deficient claims that have been corrected is known.

b. Plaintiff has applied to the Court by separate motion for an incentive award of $1,500.00 for Plaintiff's service as Class Representative in this action. Any incentive award approved by the Court will be paid from within the Settlement Fund.

c. The costs of notice and claims administration will be deducted from the Settlement Fund. Said costs are detailed in the ILYM's Declaration filed herewith.

d. Class Counsel has previously filed a motion to be heard at the same time as the Final Approval hearing for an award of reasonable attorney's fees and costs, in an amount of 25% of the maximum Settlement Fund as attorneys' fees and costs. [ECF No. 20]. In said Motion, Plaintiff requested $3,464,775.95 in attorneys' fees and costs.

10. Taking into account the burdens, uncertainty and risks inherent in this litigation, the Parties have concluded that further prosecution and defense of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

11. The Named Plaintiff and all of Plaintiff's counsel believe that the claims asserted in the Action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation and any subsequent appeal, we believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement. We have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action. I strongly believe, as does each Plaintiff's attorney, that the Settlement should be given final approval.

12. Therefore, Class Counsel is requesting that the Court grant Final Approval to the Settlement.

## ADEQUACY OF SETTLEMENT

13. In the Motion for Preliminary Approval, Class Counsel set forth the merits of the settlement and explained its benefits. The adequacy of the Settlement has been confirmed by the response of the Class. Based on the number of objections and the number of requests for exclusion, the reaction of the Class to the Settlement has been extremely positive. Out of 4,074,207 Class Members, only 59 valid opt outs were received, a miniscule amount on a percentage basis. Furthermore, only nine objections in total were received, again, a very small amount, of which most have been withdrawn, or are without merit, as explained

in the response to the objections filed herewith. We had a very good claims rate of 2.63% which is comparable to most consumer class action response rates. As a result, each Class Member making a claim will receive approximately $71.16, an amount in the range of acceptable results in a TCPA class action.

14. Furthermore, this is a statutory damages case meaning that no Class Member has lost any money as a result of Defendant's actions. Therefore, the deterrent effect of statutory damages has been met, and the proceeds will be divided among the persons called. In other words, the Class members are not getting a percentage of money they have expended; they are receiving money as statutory damages and/or debt forgiveness as a result of Defendant's violations at issue in this action. Therefore, obtaining a nearly $14 million settlement for the Class to divide is an exemplary settlement. Each of the more than 107,000 claimants will receive more than $70.00 in cash for the alleged violations committed by Defendant. As a result, in my opinion, based upon my experience in civil litigation and in litigating class actions, including a substantial number of TCPA class actions, and based upon the facts of this case, the number of class members, and the other circumstances, I believe this settlement is fair and reasonable. Therefore, I believe the settlement merits Court approval.

### THE CLASS DEFINITION

> The Class definition as approved in the Preliminary Approval Order is as follows: All cell phone users or subscribers to wireless or cellular service within the United States who used or subscribed to telephone numbers to which Wells Fargo placed any calls from November 1, 2009 to September 17, 2014 using any automated dialing technology or artificial or prerecorded voice technology in an effort to collect on a consumer credit card account.

*See* Preliminary Approval Order, ¶ 3, Dkt. No. 11.

## NOTICE

15. ILYM will be filing a detailed declaration describing the notice procedures with these Final Approval papers, explaining how the Court's Preliminary Approval Order has been followed and the manner in which notice has been provided.

16. As approved and directed in ¶ 7 of this Court's Order Granting Preliminary Approval, ILYM provided (a) direct mailing; (b) publication notice; (c) internet notice; (d) a settlement call center and, (c) established a dedicated website.

17. Internet notice was provided at www.FranklinWellsFargoTCPA.com. At this address, Class Members could view the publication notice (Short Form Notice), the Long Form Notice, the Claim Form, the Settlement Agreement with Exhibits, the operative Complaint, Plaintiff's request for Attorneys' Fees and Costs with supporting documents, the Order Granting Preliminary Approval and other documents filed with the Court.

## OPT OUTS AND EXCLUSIONS

18. Only 59 Class Members have validly elected to opt out of the Parties' Settlement, along with nine invalid attempted opt outs.

## OBJECTIONS

19. While nine consumers objected to the Class Settlement, four of these consumers withdrew said objections and opted out after obtaining clarification from Class Counsel as to the terms of the settlement. A dialogue is continuing with other objectors and / or their counsel and there may be further resolution of other objections prior to the Final Approval hearing. Class Counsel will so advise the Court if that occurs.

## CLAIMS PROCEDURE

20. ILYM established easily an easily followed claims procedure agreed upon in the Settlement Agreement that permitted Class Members to file a claim by calling a toll-free 800 telephone number, file a claim online, or submit a claim via mail.

21. The result was as follows:  Of the total of 4,076,207 Class Members, 107,134 valid and timely claims were received.  That is a claims rate of 2.63%, a result comparable with other similar consumer and TCPA settlements. There are also an additional 237 late claims to date.  There are presently 124 deficient claims, and some of those deficiencies may be corrected by the claimants by the time of the Final Approval hearing and counsel will so advise the Court of the final numbers at that time.

22. Here, the intent was to make submitting a claim as easy as possible to encourage the filing of claims.

I declare under penalty of perjury of the laws of California and the United States that the foregoing is true and correct, and that this declaration was executed in San Diego, CA on July 20, 2015.

By: /s/ Joshua B. Swigart
Joshua B. Swigart, Esq.
