# EXHIBIT "C"

# Parents fooled by sugary drinks

## Study says labels lead to belief they're healthy

**Bruce Horovitz**
USA TODAY

Bamboozled by misleading product marketing and labeling, parents have failed to get the message that sugary drinks — beyond soda — are not healthy for kids.

That's the conclusion of a new study from the Rudd Center for Food Policy and Obesity at University of Connecticut, published today in Public Health Nutrition.

Many parents believe that drinks with high amounts of added sugar — particularly fruit drinks, sports drinks and flavored water — are "healthy" options for kids, according to the report, funded by the Robert Wood Johnson Foundation, which focuses on improving health and health care. Never mind that the most recent federal dietary guidelines recommended limiting added sugar to 10% of total calories.

"Although many parents know that soda is not good for children, many still believe that sugary drinks are healthy options," says Jennifer Harris, who wrote the study and is director of marketing initiatives at Rudd Center. "The labeling and marketing for these products imply that they are nutritious, and these misperceptions may explain why so many parents buy them."

The findings come at a particularly difficult time for the beverage industry, which has seen sales of regular and diet carbonated soft drinks steadily decline in recent years. As those sales decline, beverage makers are increasingly turning to waters, flavored waters, juices, sports drinks and even milk products as options.

Officials at the American Beverage Association trade group slammed the study. "This is just the latest report coming out of an institution with a long history of bashing beverages, and it undermines parents' ability to make decisions themselves," says Christopher Gindlesperger, senior director of public affairs, in an e-mailed statement.

As an industry, Gindlesperger says, "We provide clear, factual information on all of our packaging — and even go beyond government requirements — to make sure parents have the information they need to make the choices that are right for them and their families. There's nothing wrong with having a sports drink or a soda or a juice drink — it's about moderation and balance. And parents get that."

The vast majority of parents give kids sugary drinks regularly. Some 96% of parents say they gave sugary drinks to their kids in the month prior to the survey. The most common ones that parents give kids are fruit drinks — given by 77% of parents in the past month, the survey found. Some 80% of children age 2 to 5 provided fruit drinks, such as Capri Sun or Sunny D.

Equally significant, nearly half of parents surveyed rated flavored waters as healthy, and more than one-quarter considered fruit drinks and sports drinks to be healthy. African-American and Hispanic parents were more likely than white parents to rate some sugary drinks as healthy.

Parents said they were particularly influenced by nutritional claims appearing on the packages — such as claims that the items are "real" or "natural" or contained vitamin C or antioxidants, or were low in sodium or calories.

That, says Marlene Schwartz, a study author, is why there's a need for increased attention to ingredient claims on product packaging, "and other marketing tools that may mislead parents to believe that some sugary drinks are healthful options for children."

> "Although many parents know that soda is not good for children, many still believe that sugary drinks are healthy options."
>
> Study author **Jennifer Harris**



Some 96% of parents say they gave sugary drinks to their kids in the month prior to the survey.
FREDERIC J. BROWN, AFP/GETTY IMAGES

## MARKETPLACE TODAY

For advertising information: 1.800.397.0070   www.russelljohns.com/usat

### NOTICES

### LEGAL NOTICE

**If you received a call on a cellphone from or on behalf of Wells Fargo, you could be entitled to benefits under a class action settlement.**

**WHAT IS THIS CASE ABOUT?**
A proposed settlement of a class action entitled Lilian Franklin, individually and on behalf of all others similarly situated vs. Wells Fargo Bank N.A., Case No. 14 CV 2349 MMA BGS, has been reached in United States District Court for the Southern District of California.

Plaintiff claims, among other things, that Wells Fargo and its vendors placed calls to cellular telephones using an automatic telephone dialing system in violation of federal law. Wells Fargo denies any wrongdoing and has asserted defenses. In agreeing to settle, Wells Fargo does not admit any wrongdoing.

**WHAT IS THIS CASE ABOUT?**
Under the proposed settlement, Wells Fargo will provide $13,859,103.80 in Settlement, from which costs of notice, claims administration, attorneys' fees and costs will be paid, and from which payments will be made to members of the proposed class comprised of individuals that received calls related to credit card accounts. For details regarding those payments, please visit www.FranklinWellsFargoTCPA.com.

**WHAT ARE MY OPTIONS?**
If you remain a Class Member, and the Court approves the settlement, you will be legally bound by its terms and will release your claims relating to calls placed by, or on behalf of, Wells Fargo.

If you want to exclude yourself from this settlement, you must send a written request specifically stating that you request exclusion from the settlement to Wells Fargo Litigation Settlement Administrator, P.O. Box 57086, Irvine, CA 92619 postmarked no later than June 19, 2015.

If you remain a Class Member, you may object to the settlement by writing to Class Counsel and defense counsel no later than June 19, 2015.

Full details on how to object or exclude yourself can be found at www.FranklinWellsFargoTCPA.com.

**SETTLEMENT HEARING**
The Court will hold a hearing on July 20, 2015, at 2:30 p.m., to consider whether to approve the settlement and award a $5,000 incentive payment to the class representative, attorneys' fees in an amount not to exceed $3,464,775.95 and maximum litigation costs of $15,000.

You or your lawyer may ask to appear and speak at your own expense. A more detailed Notice and a Claim Form are available at www.FranklinWellsFargoTCPA.com. The website also explains the Settlement terms in more detail. You may write to Wells Fargo Litigation Settlement Administrator, P.O. Box 57086, Irvine, CA 92619 to request the more detailed Notice and Claim Form.

**TO RECEIVE A PAYMENT YOU MUST SUBMIT A CLAIM.
YOU MAY COMPLETE AND SUBMIT A CLAIM
ONLINE BY VISITING
WWW.FRANKLINWELLSFARGOTCPA.COM,
OR YOU MAY PRINT A COPY
OF THE CLAIM FORM AVAILABLE AT
WWW.FRANKLINWELLSFARGOTCPA.COM,
COMPLETE IT, AND MAIL IT TO:
WELLS FARGO LITIGATION
SETTLEMENT ADMINISTRATOR
P.O. BOX 57086,
IRVINE, CA 92619
YOU MAY ALSO CALL 1-844-744-8424 TO SUBMIT A CLAIM.
ALL CLAIMS MUST BE SUBMITTED
OR POSTMARKED BY JUNE 9, 2015.**

www.FranklinWellsFargoTCPA.com

**To advertise in USA TODAY, call: (800) 397-0070**

## MARKETPLACE TODAY

For advertising information: 1.800.397.0070   www.russelljohns.com/usat

### NOTICES
### LEGAL NOTICES

**UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY**

STEPHEN TREWIN and JOSEPH FARHATT, On Behalf of Themselves And All Others Similarly Situated, Plaintiffs, vs. CHURCH & DWIGHT CO., INC., Defendant.

Civ. No. 3:12-CV-01475 (MAS) (DEA)

- Legal Notice -
Authorized by the United States District Court, For the District of New Jersey
- This is not a solicitation from a lawyer -

**IF YOU PURCHASED ARM & HAMMER™ ESSENTIALS™ DEODORANT, A CLASS ACTION SETTLEMENT COULD AFFECT YOUR RIGHTS**

A proposed settlement has been reached in a class action lawsuit alleging that the labeling, advertising and marketing of the Arm & Hammer® Essentials™ deodorant with labeling containing the words "Natural Deodorant" and "Natural Protection" (hereinafter "Old Label") sold by Church & Dwight Co., Inc. ("Defendant") was misleading to consumers because not all of the ingredients are natural. Defendant denies that the Essentials™ deodorant with Old Label was misleading and it denies that it did anything wrong. The Court has not decided which side was right, but both sides agreed to the settlement to resolve the case. The proposed settlement will pay a cash refund to eligible class members who purchased the Essentials™ deodorant with the Old Label for personal use, and not for re-sale. If you qualify, you may send in a claim form to get benefits, or you can exclude yourself from the settlement, or you can object to it. The United States District Court for the District of New Jersey authorized this notice. The Court will have a hearing on June 4, 2015 to decide whether to approve the settlement. Any request to be excluded from the settlement must be postmarked or received by May 5, 2015 and sent to the Settlement Administrator at Strategic Claims Services, Attn: Trewin v. Church & Dwight Settlement, P.O. Box 230, 600 N. Jackson Street, Suite 3, Media, PA 19063, and any objections to the settlement must be received by May 5, 2015 to the following addresses: (i) Clerk of Court, United States District Court for the District of New Jersey, Clarkson S. Fisher Building and U.S. Courthouse, 402 East State Street, Trenton, NJ 08608; (ii) Class Counsel: James C. Shah, SHEPHERD, FINKELMAN, MILLER & SHAH, LLP, 475 White Horse Pike, Collingswood, NJ 08107; and (iii) Church & Dwight Co., Inc., C/o Baldassare Vinti, Proskauer Rose LLP, 11 Times Square, New York, NY 10036.

**WHO'S INCLUDED?** If you purchased Defendant's Essentials™ deodorant with the Old Label in the United States, you may be a member of the class whose rights are affected by this settlement. Excluded from the class are: (i) those who purchased the Essentials™ deodorant with the Old Label for purpose of resale; (ii) those with claims for personal injuries arising from the use of the Essentials™ deodorant with the Old Label; (iii) Defendant and its officers, directors and employees; (iv) any person who files a valid and timely Request for Exclusion; and (v) the Judges to whom this Litigation are assigned and any members of their immediate families. If you're not sure you are included, you can get more information, including a detailed notice, at www.churchanddwightsettlement.com.

**WHAT'S THIS ABOUT?** The lawsuit claims that the labeling, advertising and marketing of Defendant's Essentials™ deodorant with Old Label was misleading to consumers because not all of the ingredients are natural. Defendant denies that the Essentials™ deodorant with Old Label was misleading and denies that it did anything wrong. The Court has not decided which side was right, but both sides agreed to the settlement to resolve the case.

**WHAT DOES THE SETTLEMENT PROVIDE?** Defendant has agreed to provide eligible class members who purchased the Essentials™ deodorant with Old Label a $4.00 cash refund for each unit purchased. If the settlement fund is not large enough to pay all valid claims in full, claims payments will be reduced proportionally. Attorneys' fees, costs of the litigation, settlement administration fees, and incentive awards to class representatives will be paid separately.

The settlement will release claims that consumers may have against Defendant relating to the purchase of the Essentials™ deodorant, unless the individual excludes him/her self from the settlement.

**WHAT ARE MY LEGAL RIGHTS AND OPTIONS?**

| | |
|---|---|
| Submit A Claim Form | A detailed notice and claim form is located at www.churchanddwightsettlement.com. To qualify for a cash payment, you can fill-out and submit the claim form online, or you can download it and send it in. Claim forms must be received by the Settlement Administrator by September 2, 2015. |
| Exclude Yourself | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendant about any issues relating to the purchase and use of Essentials™ deodorant. Exclusion requests must be postmarked by May 5, 2015 to the Settlement Administrator. The website provides more information about how to exclude yourself. |
| Object | Write to the Court about why you don't like the settlement. If the Court approves the settlement you will be bound even if you objected. Objections must be received by the Court, Class Counsel and Church & Dwight's Counsel (addresses above) no later than May 5, 2015.The website provides more information about how to object. |
| Do nothing | Get no payment. Give up rights. You are bound by the settlement nonetheless. |

You may obtain more information about the settlement, including the settlement agreement and the Court's orders, by visiting www.churchanddwightsettlement.com or by calling toll-free 1-866-274-4004. Please do not contact the Court or Defendant.

---

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

In re: THE WET SEAL, INC., a Delaware corporation, et al.[1] Debtors.

Chapter 11
Case No.: 15-10081 (CSS)
(Jointly Administered)

**NOTICE OF DEADLINE FOR FILING OF PROOFS OF CLAIM
PLEASE TAKE NOTICE THAT:**

The United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of The Wet Seal, Inc., The Wet Seal Retail, Inc., and Wet Seal Catalog, Inc., and Wet Seal GC, LLC (collectively, the "Debtors") has entered an order (the "Bar Date Order") establishing (a) **April 10, 2015, at 5:00 p.m. (prevailing Eastern Time)** as the deadline by which each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, must file a proof of claim (each, a "Proof of Claim") based on claims against the Debtors that arose prior to the Petition Date (as defined below), including requests for allowance and payment under section 503(b)(9) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") for goods delivered and received by the Debtors in the 20 days prior to the Petition Date (the "General Bar Date"), and (b) **July 14, 2015, at 5:00 p.m. (prevailing Eastern Time)** as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) must file Proofs of Claim against the Debtors (the "Government Bar Date" and together with the General Bar Date, the Rejection Bar Date, and the Supplemental Bar Date (each as defined below), the "Bar Dates"). The Bar Date Order, the Bar Dates, as applicable, and the procedures set forth below for the filing of Proofs of Claim, apply to all claims against the Debtors that arose prior to January 15, 2015 (the "Petition Date"), on which each of the Debtors commenced chapter 11 cases under the Bankruptcy Code (the "Cases").

1. **WHO MUST FILE A PROOF OF CLAIM.** You **MUST** file a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim (as defined in section 101(5) of the Bankruptcy Code) that arose prior to the Petition Date and it is not one of the other types of claims described in section 2 below. Any omissions of the Debtors that arose before the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2. **PARTIES WHO NEED NOT FILE A PROOF OF CLAIM.** You need not file a Proof of Claim if:
   a. your claim is listed on the schedules of assets and liabilities filed by a Debtor (collectively, the "Schedules") and (i) your claim is not described therein as "disputed," "contingent," or "unliquidated," and (ii) you do not dispute the amount or nature of the claim as set forth in the Schedules; and (iii) you do not dispute that the claim as listed in the Schedules is an obligation of the specific Debtor against whom the claim is listed;
   b. your claim has been paid in full by the Debtors;
   c. you hold an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided, however,* that if you are an interest holder and wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, you must file Proofs of Claim on or before the applicable Bar Date unless another exception identified herein applies;[2]
   d. you hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, except for any holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, which must be asserted by filing a Proof of Claim on or prior to the General Bar Date;
   e. you hold a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;
   f. you hold a claim for which a separate deadline is fixed by this Court;
   g. you hold of a claim against the Debtors properly filed previously with the Clerk of the Court or with the Debtors' claims and noticing agent, Donlin, Recano & Company, Inc. (the "Claims Agent") (utilizing a claim form that substantially conforms to the Proof of Claim Form (as defined below));
   h. you hold a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;
   i. you hold a claim against any of the Debtors that has already been paid in full by another Debtor or a non-debtor;
   j. you are a non-debtor subsidiary or affiliate of any Debtor holding a claim against a Debtor;
   k. you are a current employee assuming a claim to the extent that an order of the Court previously authorized the Debtors to honor such claim in the ordinary course as a wage or benefit; *provided, however,* that if you are a current employee, you must submit a Proof of Claim by the General Bar Date if you dispute the amount of your previously authorized claim or your claim relates to damages arising from claims for wrongful termination, discrimination, and/or workers' compensation insurance;
   l. you are a holder of one or more pre-petition gift card(s) issued by the Debtors, in respect of a claim based solely on the prepaid monetary amount of such gift card(s); or
   m. you are a current officer or director who has a claim for indemnification, contribution, or reimbursement.
   This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors, but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ANY OF THE DEBTORS.**

If the Debtors amend or supplement their Schedules subsequent to the mailing of this Bar Date Notice and related information, they will provide notice of any amendment or supplement of their Schedules to the holders of the claims affected thereby within ten (10) days of filing any such amendment or supplement. Holders of the claims affected thereby must file Proofs of Claim with respect to such claims by the later of (i) the applicable Bar Date, and (ii) twenty-one (21) days from the date on which notice is served (the "Supplemental Bar Date"); *provided, however,* that any affected party in interest who filed a Proof of Claim prior to the date when the Debtors file an amendment to or supplement their Schedules shall not be required to file another Proof of Claim following such amendment or supplementation.

3. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection on or before the later of (i) the date that is thirty (30) days after the entry of an order approving the rejection of the executory contract or unexpired lease or (ii) the General Bar Date (the "Rejection Bar Date").

4. **WHEN AND WHERE TO FILE.** All original Proofs of Claim must be filed so as to be received on or before the applicable Bar Date at 5:00 p.m. (prevailing Eastern Time) by first-class mail, overnight delivery service, or hand delivery at the following address, as applicable: **If Proof of Claim is sent by regular mail, to:** Donlin, Recano & Company, Inc., Re: The Wet Seal, Inc., et al., P.O. Box 899, Madison Square Station, New York, NY 10010. **If Proof of Claim is sent by overnight or hand delivery, to:** Donlin, Recano & Company, Inc., Re: The Wet Seal, Inc., et al., 6201 15th Avenue, Brooklyn, NY 11219.

Proofs of Claim will be deemed timely filed only if **actually received** by the Claims Agent on or before the applicable Bar Date at 5:00 p.m. (prevailing Eastern Time). Proofs of Claim may not be delivered by facsimile, telecopy, or email.

5. **WHAT TO FILE.** Holders of all claims must use a proof of claim form (the "Proof of Claim Form"). Proof of Claim Forms may be obtained from the Claims Agent website: www.donlinrecano.com/wetseal. Proof of Claim Forms may also be obtained from the Court's website: www.deb.uscourts.gov.

If you file a Proof of Claim, your filed Proof of Claim must (i) be written in the English language; (ii) denominate the claim in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim Form; (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (v) indicate the particular Debtor against which the claim is asserted; and (vi) include supporting documentation (if, such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; *provided, however,* that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtors.

Vendors of goods may be entitled assert claims arising prior to the Petition Date under section 503(b)(9) of the Bankruptcy Code to the extent that they delivered goods to the Debtors within the 20-day period prior to the Petition Date. The Court has deemed the filing of a proof of claim as satisfying the procedural requirements for asserting such a claim arising under section 503(b)(9) of the Bankruptcy Code. In addition to the other requirements of the immediately preceding paragraph above, any Proof of Claim asserting a section 503(b)(9) claim must (a) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date, and (b) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted.

**YOU MUST ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.**

**YOU MUST INCLUDE SUPPORTING DOCUMENTATION (OR, IF SUCH DOCUMENTATION IS VOLUMINOUS, INCLUDE A SUMMARY OF SUCH DOCUMENTATION) OR AN EXPLANATION AS TO WHY SUCH DOCUMENTATION IS NOT AVAILABLE. A PROOF OF CLAIM MAY BE FILED WITHOUT SUPPORTING DOCUMENTATION ONLY UPON THE PRIOR WRITTEN CONSENT OF THE DEBTORS.**

**IF YOU WISH TO ASSERT A CLAIM AGAINST MORE THAN ONE DEBTOR, YOU MUST FILE A SEPARATE PROOF OF CLAIM IN THE CASE OF EACH DEBTOR AGAINST WHICH YOU BELIEVE YOU HOLD SUCH A CLAIM.**

6. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE.** EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTION 2 ABOVE, OR UNLESS OTHERWISE ORDERED BY THE COURT, ANY HOLDER OF A CLAIM AGAINST ANY OF THE DEBTORS WHO IS REQUIRED, BUT FAILS, TO FILE A PROOF OF SUCH CLAIM IN ACCORDANCE WITH THE BAR DATE ORDER ON OR BEFORE THE APPLICABLE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO), AND SHALL NOT BE PERMITTED TO VOTE TO ACCEPT OR REJECT ANY CHAPTER 11 PLAN FILED IN THESE CASES, PARTICIPATE IN ANY DISTRIBUTION IN THESE CASES ON ACCOUNT OF SUCH CLAIM, OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

7. **THE DEBTORS' SCHEDULES AND ACCESS THERETO.** You may be listed as the holder of a claim against the Debtors in the Schedules. Copies of the Schedules and the Bar Date Order may be examined by interested parties on the Court's electronic docket for the Debtors' Cases, which is available at http://www.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov). Additionally, electronic copies of the Schedules and the Bar Date Order may be viewed at the Debtors' Claims Agent's website at www.donlinrecano.com/wetseal. Copies of the Schedules may also be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, 19801.
Dated: March 6, 2015

*/s/ Maris J. Kandestin*   Michael R. Nestor, Esq. (DE Bar No. 3526), Maris J. Kandestin, Esq. (DE Bar No. 5294), YOUNG CONAWAY STARGATT & TAYLOR, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Tel: (302) 571-6600, Fax: (302) 571-1253, Email: mnestor@ycst.com, mkandestin@ycst.com -and- Lee R. Bogdanoff, Esq., Michael L. Tuchin, Esq., David M. Guess, Esq., Jonathan M. Weiss, Esq., KLEE, TUCHIN, BOGDANOFF & STERN LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067, Tel: (310) 407-4022, Fax: (310) 407-9090, Email: lbogdanoff@ktbslaw.com, mtuchin@ktbslaw.com, dguess@ktbslaw.com, jweiss@ktbslaw.com, *Attorneys for the Debtors and Debtors in Possession*

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.
[2] The Debtors reserve all rights with respect to such claims including without limitation to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.