# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN FRANKLIN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>WELLS FARGO BANK, N.A.,<br>　　　　　　　　　　　Defendant. | Case No. 14cv2349-MMA (BGS)<br><br>**ORDER RE: SUPPLEMENTAL BRIEFING ON ISSUE OF ATTORNEYS' FEES** |

On August 3, 2015, the Court held a hearing on the final approval of a class action settlement in the above-captioned case. As indicated in its tentative ruling and discussed during the hearing, the Court finds that supplemental briefing on the issue of attorneys' fees is necessary. Accordingly, on or before ***August 31, 2015***, Plaintiff shall file a supplemental brief addressing the following issues:

1. Whether an award of attorneys' fees for work performed by attorneys other than Class Counsel is permissible.[1]

---

[1] On February 9, 2015, the Court issued an Order certifying the Class for settlement purposes, preliminarily approving the class action settlement, and appointing "the Kazerouni Law Group, APC, Hyde & Swigart and the Law Offices of Douglas J. Campion, APC as counsel for the Settlement Class." Doc. No. 11 at 3.

2. Whether an award of attorneys' fees for work performed in other prior litigation is permissible.[2]

Plaintiff shall also provide additional details regarding the requested fees, including declarations from all attorneys seeking fees describing their work on this case and/or those portions of previous cases that Plaintiff believes contributed to the resolution of this case, and for which an award of attorneys' fees would be appropriate. Plaintiff shall include itemized billing records for this case and any previous cases for which Plaintiff believes that an award of attorneys' fees is appropriate, as well as any other evidence necessary to enable the Court to determine the reasonableness of the attorneys' fee request under either the lodestar method or the percentage-of-the-fund method. *See, e.g., In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011) (encouraging courts to guard against unreasonable attorneys' fee awards by cross-checking the award using different methods); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) ("One way that a court may demonstrate that its use of a particular method or the amount awarded is reasonable is by conducting a cross-check using the other method.").

**IT IS SO ORDERED.**

Dated:  August 5, 2015

Hon. Michael M. Anello
United States District Judge

---

[2] Plaintiff cites to four proceedings in other courts in her moving papers, and identifies these proceedings as "related" to the instant action. *See* Doc. No. 20-1 at 21:10. However, the Court notes that these proceedings do not appear to be "related" to this case as that term is employed in Civil Local Rule 40.1(f), and in any event the docket reflects that Plaintiff did not file a Notice of Related Cases at the outset of this litigation. *See* CivLR 40.1(f).